[ *447 ]          *BUTLER *vs.* TUCKER.

Where one party enters into a contract for the doing of work, and binds himself that the whole shall be done and completed to the entire satisfaction of the *other party* and *of third persons*, in an action to recover the price stipulated to be paid for the work, it is necessary to aver in pleading that the work was done to the satisfaction of the arbiters designated in the contract; though it seems the plaintiff need not aver that the work was done to the satisfaction of the *other party*, and that in respect to that stipulation it would be enough to aver that the work was done pursuant to the contract.

DEMURRER to replication. The plaintiff declared in covenant on sealed articles of agreement, dated October 14, 1837, between the defendant of the first part and the plaintiff of the second part. The plaintiff covenanted to furnish all and singular the granite required for a certain building to be called the *Leake and Watts Orphan Asylum*, to be erected at Bloomingdale, in the 12th ward of the city of New-York, agreeable to the plans and the following specifications, to wit, &c. (giving the specifications,) *the whole to be of the best quality of Connecticut granite, at least equal to the specimen shown to the building committee, and to be cut in the best manner*, and to be delivered at the said building at Bloomingdale, *and the whole to be done and completed to the entire satisfaction of the said first party and of the building committee*, and to be furnished as fast as may be required by the defendant. *For the true and faithful performance of all the covenants and agreements to be kept and performed by the plaintiff*, the defendant on his part covenanted to pay the plaintiff ten thousand dollars, as follows, to wit, $1100, *when all the ashlar to the top of the sill course is completed and delivered at the building ;* further sums were then mentioned to be paid at different stages in the progress of the building, concluding as follows : and $1600 "*when the whole is completed to the entire satisfaction of the said first party and the building committee as aforesaid.*"

[ *448 ]        The plaintiff in his declaration averred that he had delivered at the building *all the ashlar to the top of the sill course*, and alleged for breach of the defendant's covenant that he he had not paid the *first instalment* of $1100.

The defendant, after craving *oyer* and setting out the articles, pleaded in

his second plea, that the plaintiff did not, according to the covenant on his part, deliver at the building a sufficient quantity of ashlar of Connecticut granite to the top of the sill course, *equal to the specimen* in the articles mentioned, *done and completed to the satisfaction of the building committee* in the articles mentioned. Verification, &c. *Third* plea, that the plaintiff *neglected and refused* to complete and deliver at the building the ashlar necessary and required to build said building to the top of the sill course, *of the best quality* of Connecticut granite, *equal to the specimen,* &c. and *cut in the best manner,* and *done and completed to the satisfaction of the building committee,* contrary, &c. Verification, &c.

The plaintiff *replied* to the *second* plea that he did, according to the covenants on his part and the true intent and meaning thereof, furnish and deliver at the building *a sufficient quantity* of ashlar of Connecticut granite to the top of the sill course, *equal to the specimen in the articles mentioned,* concluding to the country ; and to the *third* plea, he replied, that the plaintiff *did not neglect and refuse* to complete and deliver at the building, &c. following the words of the plea in the conclusion, where, instead of saying, " done and completed to the satisfaction of the building committee," the plaintiff said, done and completed *according to the form and effect, true intent and meaning of the covenant*—concluding to the country. The defendant *demurred* to both replications, and the plaintiff joined in demurrer.

*W. S. Johnson,* for defendant.

*G. Brinckerhoof,* for plaintiff.

*By the Court,* BRONSON, J. Without noticing other points which arise out of these pleadings, it is very evident that the plaintiff is un-willing to make, and go to trial on an 'averment that he has per- [ *449 ] formed his part of the contract *to the satisfaction of the building committee.* It seems probable that the defendant, as a builder, had contracted to furnish the materials and put up the walls of this public building, to the satisfaction of a committee appointed by the founders of the charity ; and as he was bound himself to submit to the decision of an umpire, he adopted the prudent course of inserting a like stipulation when he contracted with third persons for materials or portions of the work. But however that may be, the plaintiff had not agreed to furnish and deliver granite of a particular quality and description, and to execute the work in a specified manner, but he has also stipulated that the whole should be done and completed *to the entire satisfaction of the building committee.* He is bound by his contract. It is not enough for him to say, that he has performed the agreement in other respects, without also alleging, that he has done it to the satisfaction of the arbiters agreed on between the parties. *Worsley* v.

*Wood*, 6 *T. R.* 710. *Delaware & H. Canal* v. *Dubois*, 15 *Wendell*, 89, 90, 92. *Morgan* v. *Birnie*, 9 *Bing.* 672. *The U. States* v. *Robeson*, 9 *Peters*, 319. 1 *Chit. Pl.* 312.

The defendant does not set up that part of the covenant which¯requires the work to be done to *his* satisfaction ; and in omitting to do so, he has act-ed¯very properly. As to that, it would probably be enough for the plaintiff to aver, that the work was in all other respects completed in pursuance of the contract ; for if the defendant was not satisfied with such a performance, it would be his own fault ; and, as a general rule, a party cannot insist on a condition precedent when he has himself defeated a strict performance. But when parties fix on an umpire and agree to abide his decision, neither of them, without the consent of the other, can withdraw the question of performance from the common arbiter for the purpose of referring it to the decision of a jury. This doctrine was not much controverted on the argument. But it was insisted, that the stipulation that the work should be done to the satisfaction of the committee, only applied as a condition precedent to the last instalment of $1600, to be paid when the whole work was

[ *450 ] completed ; and that in *this action for the first instalment of $1100, the plaintiff might recover without averring performance. This position cannot be maintained. The plaintiff, in the first place, cove-nants to furnish *all* the granite for the building, of a certain quality and description, and the whole to be done and completed to the satisfaction of the committee. The defendant then agrees, that *for the true and faithful performance by the plaintiff*, he will pay $10,000, in specified instalments as the building progresses, beginning with $1100, when the ashlar to the top of the sill course should be delivered, and ending with the last instalment of $1600, *when the whole should be completed to the satisfaction of the committee.* It will violate no rule of grammar, and is but a reasonable construction of the covenant, to say, the concluding words apply to the whole stipulation for payment, and that performance *pro tanto* by the plaintiff is an es-sential on suing for any one of the prior, as it would be in a suit for the last instalment. Neither party could have intended that the defendant should pay for materials which would not answer his purpose ; nor did they design to fix on a different standard of performance in reference to the different stages in the progress of the work.

But we must look also to the commencement, as well as the conclusion, of the defendant's covenant. It is *for the true and faithful performance by the plaintiff*, that the defendant agrees to pay. These words alone would make performance by the plaintiff a condition precedent to the payment of the money. 1 *Chit. Pl.* 312, *and cases cited.* The plaintiff relies on *Terry* v. *Duntze*, 2 *H. Black.* 389. But that case was denied to be law, and two cases in this court, resting on the authority of that decision, were expressly

overruled in *Cunningham* v. *Morrell*, 10 *Johns. R.* 203. The doctrine of latter case has been followed ever since, and is decisive against the plaintiff.

Judgment for defendant.