Smith *v.* Briggs.

---

## SMITH *vs.* BRIGGS.

Where the defendant had covenanted to pay the plaintiff for doing the carpenter's work of certain houses, when he should receive from the architect his certificate that *the work was fully and completely finished according to the specification,* annexed to the contract; *held,* that the giving of the certificate by the architect was a condition precedent, the performance of which must be averred in the declaration in an action brought to recover payment for the work.

And where a certificate was furnished by the architect, in which he stated that the houses were *finished* in such a manner that *he would accept them if he were the owner,* and that he *was satisfied as to the work and materials;* HELD not to be a performance of the condition.

And where the declaration set out a certificate in the terms last mentioned, which

was averred to be a sufficient certificate within the meaning of the contract, *held* that the declaration was bad, and the judgment rendered thereon in the court below erroneous.

ERROR to the superior court of the city of New-York. Briggs sued Smith in the court below in covenant upon a sealed agreement dated June 27th, 1839, by which the plaintiff covenanted to perform all the carpenter's work of three brick buildings which the defendant was then erecting " in strict accordance and conformity in all respects with the specification for said buildings," which was annexed, " and in similar strict accordance and conformity with plans and drawings for the said buildings prepared by E. J. Webb, the architect," which work was to be completed on or before the 20th day of October then next, unless the plaintiff should be delayed by the omission of the masons; and the defendant covenanted to pay the plaintiff for the work the sum of $3886 in certain instalments as the work progressed, in certain stages of its progress particularly specified. The sixth and last payment of $1086, for the non-payment of which the action was brought, was to be made by the defendant's note payable in sixty days, to be given "when all the houses were finished completely according to the specification, and when the owner should receive from the architect his certificate that the work was *fully and completely finished according to the specification.*" The second count of the declaration (upon which the question arises) set forth the contract, and averred that the work was performed according to its provisions, and that it was completed after the 20th day of October, 1839, the plaintiff, as he averred, having been delayed by the omissions of the masons. The plaintiff then averred that the defendant had received from E. J. Webb, the architect, a certificate, which is set out, as follows :

" To Mr. James Smith. Sir, in regard to the carpenter's department for your houses lately erected at the junction of Pitt and Stanton streets, I am, by agreement, authorized to give a certificate of finish, when it shall appear to me, the superintendent, that the state of such work and materials justifies me in

so doing. I therefore in duty bound pronounce the said houses finished, and if not literally so in every punctilio, they are done in that manner that, was I the owner, I would accept them for myself; still as to extra wall and work omitted that is embraced in specification, also as to their being finished at a stated period of time is not in my province to express an opinion. I therefore, on the work and materials taken as a whole, certify that I am satisfied, and hope the parties concerned will also be satisfied that I have acted conscientiously between James Briggs, the contracting carpenter, and James Smith, the owner of the houses situated as above stated. New-York, March 3d, 1840. Edward J. Webb, superintendent." The plaintiff avers that this was a sufficient certificate within the meaning of the contract. Breach, that the defendant would not give his note for, or pay the last instalment.

The defendant pleaded 1. *Non est factum,* under which he gave notice of special matter. 2. That the defendant did not at any time before the commencement of the suit, receive from E. J. Webb, the architect in the declaration mentioned, a certificate that the houses therein mentioned were finished according to the said agreement and specification, upon which issue was joined.

The cause was referred to referees, who reported in favor of the plaintiff for the balance due on the last instalment, and the court below rendered judgment for the plaintiff with costs.

*J. T. Brady,* for the plaintiff in error, maintained that the certificate of the architect set forth in the second count was not a compliance with the condition in the contract. He referred to *Mounsey* v. *Drake,* (10 *John.* 27;) *Butler* v. *Tucker,* (24 *Wend.* 447,) and insisted that as the judgment was general upon the whole declaration, it must be reversed for the insufficiency of the second count.

*M. T. Reynolds,* for the defendant in error.

*By the Court,* BEARDSLEY, J. According to the contract, as set out in the second count, the receipt by the defendant of such a certificate as is mentioned in it was a condition precedent to any right to a note for the instalment now claimed, or to an action for its recovery. In this count the plaintiff has not averred that such a certificate had been made or received; but a letter, addressed by the architect to the defendant and received by him, is set out in words and figures, and which is alleged by the pleader to be within the meaning of this covenant. But this is a question of law arising on the face of these papers, and not a matter to be settled by averment in pleading, and by the finding of a jury thereupon. The averment in this case is idle and unmeaning, and the character and effect of this letter is not in the least degree changed by it. On looking at the letter or certificate, as it may be called, of the architect, (Mr. Webb,) it will be seen to fall far short of what the covenant requires. He has not certified " that the work was fully and completely finished according to the specification," nor any thing to that effect, although he does " pronounce the said houses finished." But that is not what the covenant requires; he must show that they were not only finished, but " finished *according to the specification.*" Until this is certified in terms or in substance and spirit, no cause of action can possibly arise on this branch of the agreement; and giving the most indulgent construction to the language used by the architect, I think his certificate falls short of what the contract requires. It shows indeed, to my mind very clearly, that he did not and could not certify to a complete performance of the contract. The matters which he states are not those which these parties had agreed upon. Mr. Webb, *as owner*, might accept such work as he pleased; but Mr. Webb, as architect, was to say whether this work was " completely finished according to the specification." His was a plain duty and required but an ordinary and independent exercise of his skill and judgment, to perform. He was not to make a contract for these parties; for that had been done by themselves. It was his province to determine whether that contract had been completely performed as its terms and pro-

visions required, and if so to make a certificate to that effect. But such a certificate has not been made, and the language used clearly shows, as I think, that he could not and would not so certify. To be sure there is an approach towards it, but the point is not reached even in the clause in which he declares that " on the work and materials taken as a whole," he is satisfied, and hopes the parties will be satisfied that he has acted conscientiously. But this is not a " certificate of finish"—" according to the specification," but of finish so that Mr. Webb was satisfied as to " work and materials taken as a whole." It would have been very easy to say that this job was completed " according to the specification," and this the defendant was entitled to have done. The work was to be well done and completely finished, not only " as a whole," but in all its parts. This has not been certified, and taking the letter altogether it is palpable that Mr. Webb did not mean to certify any such thing. He thought it would be but fair for the defendant to accept the houses as they were, and we cannot say but this was an equitable view of the whole matter. But the covenant required a strict performance of what the plaintiff had engaged to do, and that such performance should be certified by the architect. This certificate falls short of the mark. The second count therefore was bad, and the judgment must be reversed.

Judgment reversed.