# SUPREME COURT.

## JACOB VOORHIS, Jr., agt. THE MAYOR, &c., OF THE CITY OF NEW YORK.

Where a written contract is entered into by the contractor with the mayor, &c., for regulating and grading a street, which contains the specification of the work to be done and the price to be paid, not including *slopes* in excavation of *rock* outside of the perpendicular line of the street, but provides " that in case any other work is required to be done in order to carry out the provisions of this agreement, which is not called for in the specification, that he will go on and do the same without any claim for extra compensation therefor," the contractor cannot recover extra compensation for such slopes in excavation of rock :

1st. Because the contract does not call for this work; and, 2d. If the contractor finds it easier or necessary to do it, in fulfilling what the contract does call for, then it falls within the above provision for other work to be done without extra compensation.

It is competent for the parties to such a contract to make it an exception to the usual contracts of this kind, and whenever this is done, the terms of the contract must prevail. Custom or usage cannot be set up against it, there being nothing ambiguous in it, nor any intention respecting it which custom or usage should supply.

*First Department, New York General Term, November,* 1873.

*Before* INGRAHAM, *P. J.,* FANCHER *and* BRADY, *JJ.*

PLAINTIFF seeks to recover $13,928.93, the amount of a verdict rendered at the circuit, where exceptions were taken and ordered to be heard in the first instance at the general term. The amount of the verdict is claimed by the plaintiff for work under a contract with the defendants in regulating and grading section 1 of First avenue, from Thirty-seventh to Forty-second street, New York. It was proved at

the trial that attempts for years to open First avenue were ineffectual, because the cost exceeded what the law allowed to be assessed upon the property for improvements, until it was found that by leaving out the slopes a contract could be made within the law. The opening was then ordered.

Proposals were published by authority of the common council, in which the number of cubic yards of rock excavation, the number of cubic yards of earth excavation, and the number of cubic yards of filling excavation were stated, according to the surveyor's estimate. Thereupon an agreement, dated the 15th August, 1859, between the defendants of the first part, and the plaintiff of the second part, contractor, was executed. By this contract the plaintiff agreed to provide all the necessary materials and labor for the regulating and grading " the entire width of the First avenue, from Thirty-seventh street to the center of Forty-second street ;" and in the specifications and contract were contained the following: " Excavation—All rock to be taken off two feet below grade and replaced with earth without extra charge. * * * The slopes in excavation of earth will be required to have one of base to one of height. * * * For excavating rock per cubic yard, including its filling in, embankment, &c., forty-three cents. * * * In case any other work is required to be done to carry out the provisions of this agreement which is not called for in the specification, that he will go on and do the same without any claim for extra compensation therefor," &c.

There was also a provision in the contract that the return of the city surveyor having charge of the work should be the account by which the amount of materials furnished and work done should be computed. The surveyor did not allow for rock excavated outside the perpendicular lines of the avenue, and the plaintiff claims that the difference of rock cutting between that allowed for the whole rock excavation, including the cutting on the slope outside of the perpendicular line, was 24,525 cubic yards, and for which he was entitled to the

verdict mentioned. He was allowed, against the defendants' objection and exception, to prove that it was usual and customary to allow for slopes. Plaintiff was duly paid for all the work except that claimed as aforesaid; and a motion in proper time was made to dismiss the complaint, which was denied, and the defendants excepted.

JOHN E. DEVELIN, *for plaintiff.*
RICHARD O'GORMAN, *for defendants.*

FANCHER, *J.*—An inspection of the written contract between the parties shows that no provision is made in it for excavating rock beyond the perpendicular lines of the avenue. It does provide that "the slopes in excavation of earth will be required to have one of base to one of height." That excavation of earth, outside of the perpendicular line, which would be necessary to make the slope equal to one of base for one of height, was, therefore, within the specification, and would be necessarily returned by the surveyor in his measurement. But no such provision exists in the contract as to rock excavation. Had a perpendicular wall of rock been left on each side of the avenue the contract would have been performed. It is said by the plaintiff that the excavation of rock slopes outside the perpendicular line was necessary, and he offered testimony to show that it was impossible to do the work without slopes "unless you cut with hammer and chisel." This evidence would only prove that while the contract did not call for slopes in rock excavation outside of the perpendicular line, still it was easier and cheaper for the contractor to make them by blasting or otherwise than it was to do the work in another manner. The answer to any claim of the plaintiff for compensation for such rock excavation outside the perpendicular line is that the contract does not call for it, and if the contractor finds it easier or necessary to do it, in fulfilling what the contract does call for, then it falls within the provision, "that in case any other work is required to be done

in order to carry out the provisions of the agreement," the contractor "will do the same without any claim for extra compensation therefor." It is quite apparent that this contract intended to exclude any claim for such slopes in rock excavation, and the plaintiff had notice that such was the construction of the contract by the street commissioner early in the prosecution of the work, and afterwards as often as the surveyor made his returns relative to the work done.

There is another provision in the contract by which the plaintiff is bound. It is the covenant " that the return of the city surveyor having charge of the work shall be the account by which the amount of materials furnished and work done shall be computed, and that he shall not be entitled to demand or receive payment for any portion of the aforesaid work or materials, until completed and such completion duly certified by the surveyor." In the absence of evidence of fraud, collusion or unreasonable refusal, the certificate of the city surveyor in charge of the work is a condition precedent to any right of the plaintiff to recover. If given in good faith it concludes the rights of both parties (*Smith* agt. *Briggs*, 3 *Den.*, 73; *Wyckoff* agt. *Meyers*, 44 *N. Y.*, 144; *Adams* agt. *Mayor*, 4 *Duer*, 308; *Butler* agt. *Tucker*, 24 *Wend.*, 449). Of course, if a surveyor, architect or other person fraudulently or unreasonably refuses a certificate, the plaintiff may, on proof of such facts, recover on a *quantum meruit* (*Smith* agt. *Brady*, 17 *N. Y.*, 176; *United States* agt. *Robeson*, 9 *Peters*, 319, 375; *Thomas* agt. *Fleury*, 26 *N. Y.*, 33). But no such refusal was shown in this case. The rock slope outside of the perpendicular line was not a part of the work under the contract, which the contract required the contractor to perform. If he, nevertheless, made such rock excavation, it was done to facilitate his performance of the contract work. He has no claim, under the contract, to be paid for it.

Nor is the plaintiff benefited by the testimony as to an alleged custom among contractors to include slopes in rock excavation. The testimony of usage in similar cases was not

admissible to interpret or control the contract in question. There is nothing ambiguous in it, nor any intention respecting it which usage should supply. Custom cannot be set up against the plain terms of a contract. The surveyor testified that "this contract was an exception to ordinary contracts." It was competent for the parties to make it so, and when they have made it, its terms must be resorted to when it is to be interpreted, and not custom. Whenever the terms of a contract indicate an intention different from the usage in similar cases, the terms of the contract must prevail (*Randall* agt. *Russell*, 5 *Dana*, 501; *Wheeler* agt. *Newbold*, 16 *N. Y.*, 392; *Dykers* agt. *Allen*, 7 *Hill*, 501; *Higgins* agt. *Moore*, 34 *N. Y.*, 422).

Besides, it would require strong evidence of settled and uniform usage to establish it; and, even then, it could not be allowed to control or take the place of a contract deliberately made; for that would be not only to thwart the contract, but to give to it an effect which the parties may not have intended.

We think the exceptions of the defendants in the particulars above indicated were well taken; that the verdict should be set aside and a new trial ordered, with costs to abide the event.

INGRAHAM, P. J., concurred.