Davis, J.,
delivered the opinion of the court :
The claimant contracted to construct a brick wall for the defendants according to plans and specifications. It was agreed that, from time to time and when completed, the wall should be inspected by an ofScer of the Army, or by a civil engineer, or other agent, to be designated by the United States, and that it should be received and become the property of the United States after such officer, or civil engineer, or other agent should certify that it was in all respects as contracted for.
The government agreed, in consideration of the faithful performance of that and other stipulations, to pay the claimant a fixed price per linear foot for the wall. It was also agreed that, upon inspection and report of materials furnished and work done during the performance of the contract, payments in part might be made, not to exceed 80 per cent, of the estimated value of the material and work actually furnished.
Not long after the contract was concluded the claimant invited the defendants to inspect a kiln of brick made to be used in the wall. The defendants sent a civil engineer to inspect it, and the bricks were rejected. From time to time the invitations to inspect material were repeated, both with reference to bricks and with reference to gate-posts intended for the wall. The inspector condemned all the bricks offered, and also the proposed gate-posts.
The claimant, with full knowledge of these decisions, constructed the wall, using the condemned bricks and the condemned gate-posts. The civil engineer refused to certify that the work was such as was required by the contract, but certified to the contrary. The defendants thereupon took down the wall and gate-posts which had been put up by the claimant, and constructed in their place a new wall and new gate-posts out of other material.
The claimant then brought this suit for the contract price of the wall, alleging that he had constructed it in all respects according to the contract, and further alleging that the inspector *411 bad been guilty of fraud in withholding the certificate. He failed, however, to prove fraud, or such gross mistake as would imply bad faith, or that the inspector had not exercised an honest judgment.
The claimant then proposed to show that the wall was actually built in all respects according to the contract. The court refused to allow such proof, or to make a finding on that point. This ruling was clearly right, as we shall show by reference to to a few of the many authorities.
In Worsley v. Wood (6 T. R., 710), the plaintiff sued on a policy of insurance, in which it was stipulated that the assured should procure a certificate of the minister, church wardens, or some reputable householders of the parish, importing that they knew the character, &c., of the insured. The King’s-Bench held that the procuring-of such a certificate was a condition precedent to the right of the assured to recover, and that it was immaterial that the minister, &c., wrongfully refused to sign the certificate.
In Reynolds v. Caldwell (51 Penn. St., 305), the contract sued on provided that “when all the work should be completed there should be a final estimate made by the chief or associate engineer of the quality, character, and value of the said work, agreeably to the terms of the agreement, when the balance appearing due to the subcontractors should be paid.” Mr. Justice Strong said, in delivering the opinion of the court, “it is plain the plaintiff can recover for work done by him under the contract only after estimates made by the engineer of the railroad company.”
In Morgan v. Birnie (9 Bing., 672), the defendant was to pay for the building upon receiving an architect’s certificate that the work was done to his satisfaction. The architect checked the builder’s charges and sent them to the defendant. It was held that this did not amount to such a certificate of satisfaction as to enable the builder to sue the defendant, although the defendant had not objected to pay on the ground that no sufficient certificate had been rendered.
In Batterbury v. Vyse (2 Hurstone. & Coltman 41), the declaration alleged that the plaintiff agreed to do work for the defendant, but no payment was to be considered due unless upon production of the architect’s certificate that the work was done so as to entitle plaintiff to a certificate; but that the architect unfairly, and in collusion with the defendant, and by his pro *412 curement, neglected to give it. On demurrer, the court held that this declaration disclosed a good cause of action, inasmuch as it imputed fraud in, withholding the certificate.
In Clarke v. Watson (18 Common Bench R., new series, 277), the court held that it was not enough to allege that the surveyor who was to certify to the work had wrongfully and improperly neglected and refused to give the certificate, but that it was incumbent on the plaintiff to allege and to prove, as an excuse for its non-production, that there was collusion between the surveyor and the defendant; thus reaffirming the decision in Worsley v. Wood.
The learned counsel for the claimant evidently felt the foi’ce of this line of decisions, and endeavored to avoid them. In his complaint he charged that the civil engineer selected and employed by the government to inspect his work was guilty of fraud, and never made a proper survey.
In Kihlberg v. The United States (97 U. S., 398), the claim ant sued upon a contract for the transportation of stores, in which it was provided that the distance should be ascertained and fixed by the chief quartermaster. The Supreme Court held, as to this officer, that in the absence of fraud, or such gross mistake as would necessarily imply bad faith or a failure to exercise an honest judgment, his action in the premises was conclusive on the claimant as well as on the government. This rule is more liberal to claimants than the one laid down by the English courts. There is good rea'son why a claimant against a government should not be required to prove collusive fraud in the government as well as in its agent. It is also, perhaps, j ust that a contractor with the government should have a right to question the competency of an inspector who is not personally-named in his contract, which he would not have had if the inspector had been named and agreed to in the instrument. We therefore think that it was open to the claimant to make the allegations in his complaint, and to prove them if possible; but we have found that he has not proved them. He is, therefore, thrown back on the general rule tb be deduced from all the cases. In an ingenious argument he seeks to avoid the consequences of this rule, by drawing a distinction between the claimant’s contract and the contracts in the cases cited. This contract, he says, provides in terms that the wall shall be completed according to terms and specifications. The inspector’s *413 certificate related only to tbe transfer of the work to the United States. He maintains that it is not intended to be the sole measure of the quality of the work, and that he is at liberty to prove aliunde that the work was done according to the contract.
In Smith v. Briggs (3 Denio, 73), the builder agreed to construct some buildings in strict conformity with specifications,' and the owner agreed to pay for them when he should receive the architect’s certificate that the work was fully and completely finished according to the specifications. The architect refused to furnish the certificate required by the contract. In its place he certified that he was satisfied with the work and materials, and that he would accept them if he were the owner. The court said that it thought the architect did not mean to give the certificate required by the contract; it was evident he “ thought it would be but fair for the defendant to accept the- houses as they were, and we cannot say but this was an equitable view of the whole matter. But the covenant required a strict performance of what the plaintiff had engaged to do, and that such perform-anee should be certified by the architect. The certificate falls short of the work.”
In the present case, as in that one, the contractor bound himself to submit to the inspection and report of another person. In that case it was agreed who the person- should be; in this, he was to be designated by the government. We have already seen what effect this fact had in enlarging the contractor’s rights.
In that case the obligation to receive the work depended upon the receipt of the certificate of the inspector; in this case there is the same identical obligation.
In that case the court held that it was a correlative right to reject the work for the want of such certificate, even though the inspector was satisfied with the work and materials, and would accept them if he were the owner. In the present case the facts only require us to hold that the correlative right, to reject the work exists in the government when the inspector certifies that he is not satisfied with the work and that it is not done according to the contract. •
It is therefore ordered that the claimant’s petition be dismissed.