FRANCHI v. BRUNSWICK-BALKE-COLLENDER CO.

(*Common Pleas of New York City and County, General Term.* February 2, 1891.

CONTRACT—DELAY IN PERFORMANCE—DAMAGES.

> In an action for damages from delay in completing improvements in plaintiff's place of business, under a contract that they should be completed by a specified day, witnesses for defendant testified that the completion of the work was prevented by delay in the making of a tiled flooring, for which plaintiff had contracted with other parties, and that the work was completed within three or four days after the tiling was finished, while testimony for plaintiff was that the delay in putting down the tiling did not in any way hinder defendant from proceeding. *Held,* that a verdict for defendant could not be set aside on appeal, and that defendant was not necessarily liable for delay, because the work on the improvements agreed to be made was not commenced until after the time specified for its completion.

Appeal from trial term.

Action by Louis H. Franchi against the Brunswick-Balke-Collender Company, to recover damages alleged to have accrued to plaintiff by reason of delay on the part of defendant in the performance of a contract for services and material. Plaintiff appeals from a judgment for defendant entered on the verdict of a jury, and from an order denying a motion for a new trial.

Argued before BOOKSTAVER, P. J., and BISCHOFF and PRYOR, JJ.

*Clark & Lynde,* (*Herbert S. Ogden,* of counsel,) for appellant. *Doherty, Durnin & Hendrick,* (*Peter A. Hendrick,* of counsel,) for respondent.

BISCHOFF, J. This case presents but a single exception, that to the denial of defendant's motion for a new trial, upon the ground that the verdict is against the weight of evidence, and the grounds specified, in section 999 of the Code of Civil Procedure. We are therefore only called upon to ascertain whether or not the facts, as they were developed upon the trial, justified the result. It appeared without contradiction that plaintiff and the defendant entered into an agreement in writing, whereby the defendant undertook to make certain improvements in plaintiff's place of business, stipulating that such improvements were to be completed by September 20, 1887, and that by subsequent agreement, also in writing, the time of performance was extended to September 25th of the same year. On the trial plaintiff claimed that, in violation of its agreement, defendant did not complete the work until about the 10th day of December. That by reason of the delay he was deprived of the profits of his business from September 25th to December 10th, and subjected to expense for rent, license, watchman, etc., resulting altogether to his damage $1,280, which he sought to recover of the defendant. The defendant, on the other hand, contended that plaintiff had contracted with other parties for a tiled flooring in the premises, and that defendant's own work

could not be completed until after the tiling had been completed, and that because of the delay in the tiling it was prevented from performance on its part for the period for which the plaintiff sought to recover damages.    It appeared by defendant's witnesses Moreda, Mendell, and Kraemer that most of the material for the improvements was removed to plaintiff's place of business some time in the month of October, and that the making of the improvements had progressed to a point where further work towards completion was rendered impossible until after the tiling was done; that the tiling was not completed until some time in December following; and that within three or four days thereafter the defendant fully completed the work agreed to be done by it. The plaintiff, on rebuttal, claimed that the delay in putting down the tiled flooring did not in any wise hinder the defendant from proceeding with the making of the improvements, but did not deny that the tiled flooring was not completed until about the time stated by defendant's witnesses.    Upon this conflicting testimony it was manifestly proper for the court to submit to the jury the question whether or not defendant's delay was excused, and we cannot say that their finding adversely to the plaintiff is either contrary to the law, or without evidence to support it, or against the weight of evidence. Neither can we say that, because the jury chose to accept the state of facts sworn to by defendant's witnesses as true, the plaintiff has suffered an injustice which would call upon this court to set the verdict aside, and to direct a new trial.    Such a direction, where there is nothing more than a mere conflict of evidence, would render a new trial by jury farcical.    Appellant's counsel contends that, because it appeared on the trial without contradiction that defendant did not commence work upon the improvements agreed to be made by it until some time in October, and therefore subsequent to the time specified for the completion of the work, defendant's liability in this action was without question; but it is obvious that if the delay in putting in the tiled flooring prevented the defendant from completing its contract until December 10th, it must of necessity also have prevented performance on the defendant's part at the time originally contracted for, and therefore the excuse for defendant's delay extended throughout the entire period, from the time of making the contract with the plaintiff until actual performance in December following.    The judgment and order appealed from should be affirmed, with costs.    All concur.