## JACKSON ARCHITECTURAL IRON-WORKS v. ROUSS.

*(Superior Court of New York City, General Term.   July 2, 1891.)*

PRINCIPAL AND AGENT—RATIFICATION—CHANGE OF ARCHITECT'S PLANS.

Where the owner of a building, during the progress of its erection, ratified the acts of his architect in departing from the plans and specifications in as many as 17 instances, the owner was properly *held* bound to the contractor for a further alteration made by the architect necessitating the insertion of a stairway, at an expense of $4,138, not included in the original plan, but which the owner received the benefit of.

Appeal from special term.

Action by the Jackson Architectural Iron-Works against Charles Broadway Rouss. From a judgment for plaintiff, defendant appeals.

Argued before DUGRO and McADAM, JJ.

*Palmer & Boothby*, for appellant.   *Norwood & Coggeshall*, for respondent.

McADAM, J.   The action was brought for the foreclosure of a mechanic's lien, the plaintiff claiming $6,308.50 as a balance due for contract and extra work, and $4,138 as the agreed price of an iron staircase put up by the plaintiff in the defendant's building.   The main controversy presented by the pleadings and tried by the court was over the question whether the staircase was included in the original contract between the parties, the defendant resting his claim of non-performance of the contract on the proposition that because a certain staircase was included in the contract, and not built as he claimed it was provided it should be by the contract, therefore the plaintiff had not performed the contract, and that the agreement made by the architect of the defendant with the plaintiff for the building of the staircase put in the premises was without the authority of the defendant, and therefore not binding upon him.   The proof satisfactorily establishes the substantial performance of the contract and of the extra work, and that $6,308.50 was actually due therefor.   The staircase about which the main dispute arises was erected by the direction and under the superintendence of the defendant's architect, under a special agreement to pay therefor $4,138.   The architect was the defendant's chosen agent to superintend the erection of the building, and all alterations were to be made under his direction, and all disputes respecting the plans and specifications and the manner of doing the work were by the contract left to his decision.   The contract between the parties contemplated the erection of a structure agreeably to the plans and specifications, and the fact that certain enumerated powers were conferred upon the architect would not imply, but rather negative, any extension of his authority; yet the proof shows that the architect, in at least 17 different respects, made changes and alterations, which were subsequently ratified by the owner,—a circumstance indicating that the owner did not mean to limit him to the powers expressly conferred, for he seems to have relied upon his superior experience to direct, as well as superintend, the erection, and *do everything* necessary to make it complete and satisfactory.   Indeed, in almost every large structure, alterations and modifications are found necessary to carry into practical effect the design of the architect, and the necessity for the changes become apparent as the building progresses.

The proof amply shows that the stairs for which this $4,138 was to be paid were not included in the original contract with the plaintiff, and that the agreement made by the architect for their erection was a proper exercise of the authority which the owner by his conduct conferred upon the architect in respect to the subject matter of his employment.   The trial judge found that the architect had authority, and the evidence sustains the finding.   While the contract confers certain specified powers upon the architect, it was competent for the defendant to enlarge them; and this he might do by word or

writing, or by permitting the architect to make changes and alterations at pleasure, and afterwards paying for the things so done; and this he did in reference to the plaintiff, and its work upon the building in question. This principle has been applied to various cases. Thus, where a clerk is usually intrusted to sign notes, or usually does sign notes, for his master, which are afterwards paid or recognized to be valid, he is presumed to possess a rightful authority to do so in other instances within the scope of the same business. Story, Ag. § 55. The defendant, with knowledge of the facts, ratified the previous acts of the architect in departing from the plans and specifications, and in the instance of the stairs about which he now objects there was no previous dissent upon his part. It would be inequitable to permit the defendant, after he has received the full benefit of the stairs, to object for the first time to paying for their erection, particularly as the plaintiff was led to believe from the conduct of the defendant that the architect had power to direct the work, and that it, like the other changes made, would be compensated for by the defendant. The certificates of the architect furnished to the plaintiff (their being no evidence of fraud or mistake) are evidence of due performance of the contract. *Anderson* v. *Meislahn,* 12 Daly, 149; *Wyckoff* v. *Meyers,* 44 N. Y. 145; *Butler* v. *Tucker,* 24 Wend. 449; *Smith* v. *Brady,* 17 N. Y. 175; *Stewart* v. *Keteltas,* 36 N. Y. 388; *Glacius* v. *Black,* 50 N. Y. 151. The certificates have not the force of proving that something was embraced in the contract which was in fact not included therein, but merely that the contract itself had been performed. The doing of the extra work, including the extra stairway, and their value, were all established by competent evidence aside from the certificates. The case involves questions of fact which the trial judge, on satisfactory evidence, disposed of adversely to the defendant. We have failed to discover any reason for disturbing his findings or conclusions. Several exceptions were taken during the trial, but it is unnecessary to go over them in detail, for we regard them as without merit. It follows that the judgment appealed from must be affirmed, with costs.