(7 Misc. Rep. 37.)

### SNAITH v. SMITH.

(Common Pleas of New York City and County, General Term. February 5, 1894.)

1. APPEAL—CERTIFICATE THAT CASE CONTAINS ALL THE EVIDENCE.
    In the absence of a certificate that the case contains all the evidence taken on the trial, a review cannot be had on the facts.

2. BUILDING CONTRACTS—CERTIFICATE OF ARCHITECT.
    A building contract, which provides that final payment shall be made within 30 days after completion, "provided that  *  *  *  the architect shall certify in writing that all the work  *  *  *  has been done to his satisfaction," constitutes the architect the agent of the owner, and his decision as to completion of the work is final.

3. SAME—FORM OF CERTIFICATE.
    A certificate under such contract sufficiently complies with the terms of the contract where it states that "there is now due to" the contractor "the final payment on his contract," specifying the amount.

4. MECHANICS' LIENS—ENFORCEMENT.
    In an action to foreclose a mechanic's lien, where the complaint set out a cause of action for work, labor, and services, irrespective of the allegations contained in it entitling plaintiff to equitable relief, defendant is not entitled to a dismissal of the complaint where plaintiff states in open court that he waives mechanic's lien, as defendant is entitled to a personal judgment (Laws 1885, c. 342, § 15) notwithstanding such waiver.

Appeal from city court, general term.

Action by John Snaith against George D. Smith. From a judgment of the city court (25 N. Y. Supp. 513) affirming a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

J. Delahunty, for appellant.

De Borden Wilmot, for respondent.

BOOKSTAVER, J. The action was brought to foreclose a mechanic's lien, and the plaintiff prays judgment of foreclosure. The answer sets up counterclaims for delay in the completion of the work and for the cost of finishing it. We can find no certificate that all the evidence is contained in the case as printed, and therefore can only review the questions of law presented by it. See authorities cited in Howe v. Woolsey, 27 N. Y. Supp. 377, (handed down herewith.)

The exceptions taken to the admission or exclusion of evidence by the defendant during the progress of the trial raise the single question as to whether the final certificate given to plaintiff by defendant's architect was conclusive and binding on defendant in regard to the character and final acceptance by him of the work done and materials furnished under the written contract. The appellant contends that it was not, as the certificate was not in the terms in which it was provided by the contract it should be couched. The contract, among other things, provides for payment as the work progresses, and also a final payment, and then contains the following:

"It being understood that the final payment shall be made within thirty days after this contract is completely finished: provided, that in each of the said cases the architect shall certify in writing that all the work upon the performance of which the payment is to become due has been done to his satisfaction."

The certificate was in the words and figures following:

"No. 2,117.        New York, March 19th, 1891.

"This is to certify that there is now due to John Snaith from George D. Smith the final payment on his contract for work at 48 East Fourteenth street, the sum of $1,169.        R. H. Robertson, Architect."

"Received payment."

Appellant contends this certificate is not a compliance with the terms of the contract, and does not conclude the defendant from questioning the character of the work performed and the materials furnished, the complete performance of the contract, nor the fact of delay on the part of the plaintiff beyond the time allowed in the agreement, and his consequent right to recover for such delay. He cites, in support of this contention, Smith v. Briggs, 3 Denio, 73, and Stewart v. Keteltas, 36 N. Y. 388. In the first of these cases, the contract required as a condition precedent to the payment a certificate from the architect that the work was "fully and completely finished according to the specifications." Instead of giving any certificate, the architect wrote the owner a letter, in

which he substantially admits that the houses then in question were not finished according to the specifications, but says that, "Were I the owner, I would accept them for myself;" and the court very properly held that such a letter was not a compliance with the terms of the contract, and that, until the provision of the contract was complied with "in terms or in substance and spirit, no cause of action" could be maintained on the agreement. In Stewart v. Keteltas, supra, although the contract provided that the work should be done according to the drawings and specifications of the architect "within the time aforesaid in a good, workmanlike, and substantial manner, to the satisfaction and under the direction of the said architect, to be testified by a writing or certificate under the hand of the said architect," it was held that a certificate which merely said the contractors had "completed the mason-work to your building" was a sufficient compliance with the terms of the contract. It is true, in the course of that opinion the judge who delivered it referred to Smith v. Briggs, supra, and incidentally said that the language of the contract should have been averred in the certificate, but that question was not then before the court for decision, and the court which decided the case said only, as before stated, that the provision of the contract should be complied with in terms or in substance and spirit, which is a very different matter. In Anderson v. Meislahn, 12 Daly, 149, 151, the plaintiff was to erect the buildings in conformity with the drawings and specifications made by the architect, "in a good, workmanlike, and substantial manner, to the satisfaction and under the direction of the architect," to be authenticated by a certificate in writing. The work was to be paid for in nine payments, and it was provided that in "each of the said cases" or stages of the work, when the payments became due and payable, a certificate was to be obtained, signed by the architect. The architect gave eight of these certificates, and refused the ninth. As to the eight, the court held that they must be regarded as certifying that the work, up to the time of each of these payments, had been done agreeably to the drawings and specifications, in a workmanlike and substantial manner, under the direction and to the satisfaction of the architect, although the certificates only said that the contractor was entitled to the payment certified to. In that case it was also held that these eight certificates, in the absence of fraud or mistake, were conclusive as to the work done which entitled the contractors to these certificates, and there could be no inquiry as to the nonperformance of such work. In Wyckoff v. Meyers, 44 N. Y. 145, which was an appeal from this court, the contract provided that the materials were to be furnished and the buildings were to be erected, agreeably to certain drawings and specifications, in a good, workmanlike, and substantial manner, to the satisfaction and under the direction of the architects, and that the last installment of $1,800 was to be paid "when all the work is completely finished, and certified to that effect by the architects." The final certificate given by the architects in that case read: "This is to

certify that the last payment of $1,800 is due Wyckoff & Winham on your buildings, corner of Greenwich and Beach streets, as per contract." The court of appeals said:

"The last payment was not to be made until the plaintiffs obtained the certificate of the architects to the effect that all the work was completely finished. Both parties [in that case as in this] agreed to abide by the determination of the architects. * * * There was no attempt to show that the certificate was not given in good faith, and it concludes the rights of both parties. * * * It is claimed, however, that the certificate is not in proper form, because it does not in terms certify that 'the work was completely finished.' * * * But the certificate is, in substance, all the contract requires. Plaintiffs were entitled to the $1,800 when the architects should certify to the effect that the work was all completely finished, and not before. The architects certified that the last payment was due according to the contract. This is clearly the same, in effect, as if the architects had certified that the work was all completely done, and that the builders were entitled to the last payment."

Turning to the contract in this case, we find that the work included in the alterations and additions mentioned therein should be well and sufficiently performed and finished agreeably to the drawings and specifications of the architect, and under his direction, and to his satisfaction. The contract expressly provides that in this supervision the architect acted as agent for the defendant. It also provides that, in event of any doubt or question arising respecting the true meaning of the drawings or specifications, reference should be made to the architect, whose decision should be final and conclusive; also that if, in the course of the work, any alterations should be required, a fair and reasonable valuation of the work added or omitted should be made by the architect, or referred to arbitrators. It further provides that upon receiving notice from the architect to that effect, the plaintiff, within 24 hours thereafter, should take down all the portions of the work the architect should condemn as unsound or improper, or as in any way failing to conform to the conditions of the contract; that all damages, etc., caused by delays on the part of either party were to be fixed and determined by the architect or by arbitration. There are various other provisions of the contract, which in certain contingencies make the architect the alter ego of the defendant, or the umpire between him and the plaintiff: and also a covenant whereby the plaintiff agreed to deliver to the defendant, ready for use, the first story of the building in question on or before the thirtieth day, reckoning from the day of beginning, provided the owner agreed to furnish, if necessary, the tarpaulins to protect the building from the action of the elements.

In the light of the foregoing decisions, we think there can be no doubt but that the contract made the architect named therein the agent of the owner, and that his decision upon the questions in controversy in this case was final, and the certificate, although it does not contain the very language of the contract, does so by necessary implication, and is just as binding upon the parties as if the very words of the contract had been employed, and it had certified that all the work upon the performance of which the payment

is to become due had been done to his, the architect's, satisfaction. Besides this final certificate, there must have been other certificates given for the intermediate payments. The form of these we cannot ascertain from the case. We have looked carefully, and do not find that any objection was made by the defendant to the form of the final certificate at the time it was presented to him. There is no reference to it in the complaint, nor is there any testimony concerning it in the case, as far as we have been able to discover. This objection first makes its appearance in the defendant's proposed requests to find, after the judge who tried the case had, in effect, pronounced judgment, and, we think, is a mere afterthought, made to save his case, if possible, after decision. No fraud, mistake, or bad faith of the architect in giving this certificate was proved or attempted on the trial, and these are the only grounds upon which a final certificate, given as this one was, can be disregarded. Wyckoff v. Meyers, supra; Butler v. Tucker, 24 Wend. 449; Glacius v. Black, 50 N. Y. 153; Schencke v. Rowell, 3 Abb. N. C. 48; Whiteman v. Mayor, etc., 21 Hun, 117. The court below was, therefore, right in regarding the certificate as final, and excluding the evidence offered.

But even if our conclusions on this question are erroneous, still we think no substantial error was committed by the court below in refusing to allow the defendant anything upon his counterclaim for delay. By the terms of the contract, possession of the premises in question was to be given to the plaintiff, and the lines and levels of the building furnished him, on or before the 20th day of November, 1890. This was not done by him, and could not be, because he himself did not get possession of them until about the middle of December following. This threw the work over to a more inclement season of the year, and one in which occur the Christmas holidays, making it much more difficult to procure workmen at that time, and necessarily delayed the work for more than the 30 days contemplated. In addition to this, when work upon the building had been commenced, it was found that an iron girder in the old building had to be removed, and walls taken down, in order to complete the floor according to the specifications, which involved extra work, and two weeks' delay, according to the architect's testimony, and which was not contemplated by the contract, and necessarily prolonged the work. It also appears from the evidence that the defendant did not furnish the tarpaulins necessary to protect from the weather, although it was bad. While it is true that where time is of the essence of the contract, and one makes a contract to be performed within a certain time, he is bound to do it by that time, and nothing will excuse him from doing it unless the delay arises from acts of the other party to it, in the contract under consideration such delay was expressly provided for. Besides, the defendant himself was first guilty of a breach of the conditions of the contract by not delivering possession for a month after the time agreed upon, and not furnishing the tarpaulins. In Franchi v. Collendar Co., (Com. Pl. N. Y.) 13 N. Y. Supp. 294, we held that

in an action to recover damages caused by delay on the part of the contractor, when such delay had been caused by the defendant and those employed by him, the excuse for such delay extended throughout the entire period from the time of making the contract, and was a defense, although the work was not actually commenced until after the time stipulated. We therefore think the architect was justified in giving the certificate he did, and that it was conclusive upon the parties.

After the evidence was all in, and the court had practically rendered its decision, the plaintiff stated in open court that he waived the mechanic's lien, and asked for a personal judgment only, whereupon the defendant moved to dismiss the complaint upon the ground that it appeared that the plaintiff had no lien, and that he was entitled to a jury trial, which was denied, and defendant excepted. The defendant asked too much. He was not entitled to a dismissal of the complaint merely because the plaintiff failed to prove his lien. If the complaint contains an equitable, and also a legal, cause of action, and the plaintiff, upon the trial of the former, fails in establishing a case entitling him to relief, he has still a right to a trial of the legal cause of action set out. In such case the defendant is not, therefore, entitled to a dismissal of the complaint until the latter has been tried. Beck v. Allison, 56 N. Y. 366, 373; Sternberger v. McGovern, Id. 12; Hawes v. Dobbs, 137 N. Y. 470, 33 N. E. 560. In this case the complaint set out a complete cause of action for work, labor, and services performed and materials furnished, irrespective of the allegations contained in it entitling the plaintiff to equitable relief, and it would have been error to have dismissed the complaint on the grounds stated in the motion.

Defendant also contends that the form of the judgment is incorrect. But in this he is clearly in error. Chapter 342, Laws 1885, § 15, especially provides:

"Whenever in any action brought under the provisions of this act, any claimant shall fail, for any reason, to establish a valid lien, he may nevertheless recover therein judgment against the party or parties to the action for such sum or sums as may appear to be due to him, and which he might recover in an action upon a contract against the said party or parties."

Even prior to this provision it was held that personal judgment might be recovered in a mechanic's lien action. Schaettler v. Gardiner, 47 N. Y. 404; McGraw v. Godfrey, 56 N. Y. 610; Darrow v. Morgan, 65 N. Y. 338; Thomas v. Sahagan, (Sup.) 10 N. Y. Supp. 874. The judgment should therefore be affirmed, with costs. All concur.