JOHN H. BYRON, Respondent, *v.* HENRY R. LOW, Appellant.

A contract for the performance of certain work by plaintiff for defendant provided that the chief engineer in charge should be the arbitrator between the parties, and should make monthly estimates of the work done and certificates for the same, less ten per cent. In case of the completion of the work by plaintiff, and upon final estimate of said engineer, defendant agreed to pay the full amount then due, including the reserve. In an action upon the contract plaintiff claimed that a portion of the work had been withdrawn, and plaintiff not allowed to perform it; that the balance of the work had been performed. Plaintiff asked judgment for the balance unpaid for the work done and for damages for the portion withdrawn. This portion was, without difficulty, severable from the body of the contract. No certificate of the engineer was produced, and no demand for one, or any refusal to give it, was proved. *Held,* that the certificate was a condition precedent to the right to recover; that the action, being founded on the contract, went upon the theory that as the work not done had been omitted by defendant's direction, there had been a full and final performance entitling plaintiff to the final certificate, which would fix the amount he was entitled to for work done, and this, when recovered, with damages for the work withdrawn, gave plaintiff his exact rights under the contract; and, therefore, the condition precedent could not be disregarded.

(Argued March 22, 1888; decided April 10, 1888.)

APPEAL from judgment of the General Term of the Court: of Common Pleas, in and for the city and county of New York, entered upon an order made January 8, 1886, which affirmed a judgment in favor of plaintiff, entered upon a verdict and an order denying a motion for a new trial.

This action was brought to recover the balance alleged to be due and unpaid for work done under a contract between the parties, and damages for loss of profits on work covered by the contract, which plaintiff alleged he was prevented from doing by defendant.

Defendant having entered into a contract with the New York and Scranton Construction Company for the construction of a railroad, sub-let a portion of the work to plaintiff.

Their contract contained these provisions · " The work shall be executed and performed under the direction of the chief engineer (or his assistants), by whose· measurements and calculations the quantities and amounts of the several kinds of work performed under this contract shall be determined, and who shall have full power to reject and condemn all work or materials, which, in his opinion, do not fully conform to the· spirit of this agreement, and to decide every question that. may or can arise between the parties relative to the execution. of the work, and his determination shall be final and binding· upon both parties.

" It is further agreed that payments shall be made monthly,. on or before the fifteenth day of each month, as the work progresses, on the certificate of the chief engineer, based upon his current estimates of the amount of work done, material furnished, calculated at relative prices. And it is also further mutually agreed, that from each and every current estimate there shall be retained ten per cent of the amount of such estimate, which ten per cent is to be forfeited by the party of the first part to the party of the second part, in case the work is not fully completed by the time and in the manner herein provided for, and which is mutually agreed upon as liquidated damages for the non-performance by the party of the first part of any of the undertakings on his part herein contained. But,.

in case of the full completion of the said work by the party of the first part, then, and upon the final estimate therefor by the said chief engineer, the said party of the second part agrees to pay, within ten days, to the party of the first part, the full amount then due, including the reserve of ten per cent."

The contract included certain mason work at a place known as Broadhead Creek. Plaintiff's evidence showed that during the progress of the work, the Construction Company, without the consent of plaintiff, made an arrangement with defendant by which the Broadhead Creek work was taken from the contract, and plaintiff was not permitted to perform the same. Plaintiff continued the work and completed it, save the portion so withdrawn.

Further facts appear in the opinion.

*William J. Groo* for appellant. The engineer's certificate was a condition precedent to a recovery. (*Smith* v. *Briggs*, 3 Denio, 73; *Mounsey* v. *Drake*, 10 John. 27; *Butler* v. *Tucker*, 24 Wend. 447; *Smith* v. *Bradley*, 17 N. Y. 173; *Wyckoff* v. *Myers*, 44 id. 143; *D. & H. Canal Co.* v. *Pa. Coal Co.*, 50 id. 250, 264, 265; *Glacius* v. *Black*, 50 id. 145; *Clark* v. *Watson*, 18 C. B. [N. S.] 278.) The parties had a right to provide this mode of settling their differences and they should be bound by it. (*D. & H. Canal Co.* v. *Pa. Coal Co.*, 50 N. Y. 250.) Where the error consists in the admission or rejection of evidence, it cannot be disregarded by the appellate court. (*Worrell* v. *Parmalee*, 1 N. Y. 519; *Williams* v. *Fitch, Admr.*, 18 id. 546; *Erben* v. *Lorillard*, 19 id. 299; *Wilson* v. *Wilson*, 2 Keyes, 413; *Starbird* v. *Barrows*, 43 N. Y. 200; *Baird* v. *Gillett*, 47 id. 186; *Anderson* v. *R., W. & O. R. R. Co.*, 54 id. 334· *Lytle* v. *Erwin* 26 How. 491; 18 N. Y. 298.)

*L. Laflin Kellogg* for respondent. There was no necessity for procuring or even demanding the final certificate of the chief engineer before bringing this action. (*Hall* v. *Bennett*, 48 Supr. Ct. 302.) The failure to produce such a certificate

would not, in any event, prevent the recovery where a demand
for the certificate was made and the same unreasonably refused.
(*Bowery Bank* v *Mayor, etc.*, 63 N. Y. 336; *Thomas* v.
*Fleury*, 26 id. 26; *Nolan* v. *Whitney*, 58 id. 648.)   The fact
that there was a provision in the contract allowing arbitration
in any difference arising under it, would constitute no bar to
this action. (*Haggart* v. *Morgan*, 5 N. Y. 422; *Kapp* v.
*Bartham*, 1 E. D. Smith, 622; *Hurst* v. *Litchfield*, 39 N. Y.
377; *Pres. D. & H. C. Co.* v. *P. C. Co.*, 50 id. 250; *Smith* v.
*Alker*, 102 id. 87.)

FINCH, J.   We are unable to deny the force of several
propositions relied upon by the appellant.   By the terms of
the contract the chief engineer of the Construction Company
was made the arbitrator between the parties to settle all
differences arising out of the contract, to estimate the
quantities and amounts of the several kinds of work and make
monthly certificates for the same, reserving ten per cent thereof.
The final payment to be made was provided for in these words:
" But in case of the full completion of said work by the party
of the first part, then, and upon the final estimate thereof by
the said chief engineer, the said party of the second part
agrees to pay, within ten days, to the party of the first part, the
full amount then due, including the reserve of ten per cent."
Under this provision the certificate of the engineer became a
condition precedent to the plaintiff's right of action.   The
chosen arbitrator was to fix the amount of the final payment and
the same was to become due in ten days after such final estimate
was made.   The provision comes clearly within the rule which
makes such certificate a condition precedent to the right of
recovery. (*Pres't, etc., D. & H. Canal Co.* v. *Pa. Coal Co.*, 50
N. Y. 250.)   The first answer made to this difficulty is, that
the plaintiff demanded a certificate of the engineer after the
close of the work, which was refused.   There is no evidence
either of such demand or refusal before the commencement
of the action.   On his direct examination the plaintiff claimed
to have made such a demand, but on cross-examination he

explains precisely what it was, and it turned out to be merely a repeated inquiry whether "the returns were in," that is, whether the estimates and measurements of the division engineers had been returned to the chief engineer, so that he could make the final estimate. There was no demand of the certificate and no refusal, even according to plaintiff's version of the facts, and no question upon that subject to be submitted to the jury. The claim made on the argument that the demand sworn to by plaintiff was different from the one explained on cross-examination, is entirely dispelled by a careful reading of the testimony. On the motion for a nonsuit the court expressly and correctly said, "there is no pretense that the certificate was furnished or demanded." It is then said, and that is the ground upon which the case was submitted to the jury, that the contract was broken by the defendant in refusing to allow plaintiff to do the mason work at Broadhead's Creek, and if that was found to be the fact no final certificate of the engineer was requisite or necessary.

This doctrine proceeds upon an erroneous view of the rights of the parties. The action was not brought upon a *quantum meruit*, upon the ground that the contract had been rescinded and no longer subsisted, or to rescind or annul it. On the contrary, it was brought to enforce it and necessarily affirmed it. (*Quinn* v. *Van Pelt*, 56 N. Y. 417.) It went upon the theory that there had been a full and final performance, since the work not done was omitted by the defendant's direction, and not through the fault of plaintiff. As to that, readiness to perform was equivalent to performance, and the plaintiff came into court standing upon the contract, demanding payment according to its terms and damages for the work withdrawn. That he had a right to do. In *McMaster* v. *The State* (108 N. Y. 542) we held that a breach in one respect was not necessarily waived by a continued performance thereafter, but that the contractor could go on and complete his contract, so far as possible, and recover according to its terms with damages for the breach, but those damages themselves founded upon the stipulations of the agreement. That is what this

plaintiff did.   The part of his work at Broadhead's Creek was, without difficulty, severable from the body of the contract. The defendant wrongfully, as we must assume from the verdict of the jury, in September of 1881 gave that work to others. The plaintiff, notwithstanding, continued his performance of the contract for a year or more, obeying its requirements and taking payments according to its terms.   He now sues upon the contract to compel the performance or its equivalent by the defendant, and necessarily stands upon and affirms it.   He cannot, in the present form of action, affirm it for one purpose and repudiate it for another.   He cannot recover upon it as binding upon the defendant and deny its obligations upon himself.   Hence, the condition precedent of the engineer's certificate could not be disregarded.   When the amount to which plaintiff is entitled for the work done is settled and fixed by the selected arbitrator, that amount becomes due in ten days thereafter, and when it has been recovered, together with the damages, if any, for the work withdrawn, the plaintiff gets his exact rights under the contract on which he sues, and both parties have been made to obey its substantial terms.   As the case was tried, the contract was held to subsist for some purposes, but not for others, and to bind the defendant but not the plaintiff.   The exceptions to such rulings must, therefore, be sustained.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.