SWAN LAMP MANUF'G CO. *v.* BRUSH-SWAN ELECTRIC LIGHT CO. OF NEW ENGLAND.

(*Superior Court of New York City, General Term.*  May 2, 1892.)

1. PLEADING—SPECIAL CONTRACT OF SALE—ASSUMPSIT FOR PRICE.

    The Code of Civil Procedure has not changed the rule of pleading that a party who has fully performed a special contract for the sale of goods may count on the implied *assumpsit* of the purchaser to pay the stipulated price, and is not bound to declare specially on the agreement.

2. SAME—ANSWER—NEW MATTER.

    In an action for the price of goods sold on credit an objection that, as to part of the goods, the credit had not expired before the commencement of the action, constitutes new matter, which, under Code Civil Proc. § 500, subd. 2, must be pleaded.

Appeal from judgment on report of referee.

Action by the Swan Lamp Manufacturing Company against the Brush-Swan Electric Light Company of New England to recover the price of goods sold.  Judgment for plaintiff.  Defendant appeals.  Affirmed.

Argued before SEDGWICK, C. J., and FREEDMAN and McADAM, JJ.

*Cravath & Houston,* for appellant.    *G. H. & F. L. Crawford,* for respond-ent.

McADAM, J.  It is alleged by the defendant, and admitted by the plaintiff, that the goods furnished by the plaintiff were delivered under and pursuant to a contract between the defendant and the Swan Incandescent Electric Light Company, which was transferred by that company to the plaintiff, so that the plaintiff, for all practical purposes, was substituted as a party to the contract in place of that corporation.  The defendant, by the contract, became the sole agent for the sale of electric lamps and other electrical apparatus manufac-tured by the plaintiff, which agency covered certain territory specified in the agreement.  The plaintiff was to deliver such goods as might be sold by the defendant, and ordered by it, on board of such cars or other conveyances as it might designate; and the defendant was to be allowed on such sales a dis-count of 20 per cent. from the trade price fixed by the plaintiff.  The goods so delivered were to be paid for by the defendant by 90-day drafts, or at its option, in cash, with $1\frac{1}{2}$ per cent. additional discount.  The plaintiff filled orders furnished by the defendant until it became indebted in the amount found due by the referee.  The transaction between the plaintiff and defend-

ant was practically a sale of goods by the former to the latter, on its credit, at 20 per cent less than trade prices, deliverable in such manner as it directed. It certainly was not a sale of goods by the plaintiff to the defendant's customers; for the plaintiff, by the contract, was to make no sales in the territory assigned to the defendant, except through it and on its responsibility. The defendant insists that the plaintiff should have declared on the special agreement, and could not recover as for goods sold and delivered. The answer to that objection is that the Code has not changed the former rule of pleading, that a party who has fully performed a special contract on his part may count upon the implied *assumpsit* of the other party to pay him the stipulated price, and is not bound to declare specially on the agreement. *Farron* v. *Sherwood*, 17 N. Y. 227; *Hosley* v. *Black*, 28 N. Y. at page 443; *Higgins* v. *Railroad Co.*, 66 N. Y. 604. The evidence adduced satisfactorily sustains the findings and conclusions of the referee, and we find no error in the rulings that require a new trial. The objection that as to a portion of the goods the credit of 90 days had not expired when the action was commenced is unavailing, because not raised by the answer. *Smith* v. *Holmes*, 19 N. Y. 271. This upon the ground that new matter must be pleaded. Code, § 500, subd. 2. It follows that the judgment appealed from must be affirmed, with costs.

All concur.