MAX L. GUTMANN, Appellant, v. FRANK P. CROUCH, Respondent.

*Court of Appeals, May* 31, 1892.

Affirming 57 Hun, 586, mem.

*Contract. Penalty for delay.*—Where the original and sub-contract pro-
vided for the performance of the work by a stipulated day, and ten dollars
for each day's delay thereafter if the same should arise from the act or
default of the contractor, and the owner of the building, on settling with
the original contractor, deducted, for defects, 130 days' delay and the
amount of the subcontract, and took an assignment of a bond given by
the subcontractor, and the referee found that the contractor was delayed
by reason of inability to obtain the iron work, and so delayed the sub-
contractor, the owner, in an action on such assigned bond, was held
not to be entitled to recover on account of any delay caused by such
default of the contractor.

Appeal from judgment entered on order of the general
term of the supreme court, in the fifth judicial department,
affirming judgment entered upon report of a referee dismiss-
ing complaint.

*S. D. Bentley*, for appellant.

*Charles M. Williams*, for respondent.

BRADLEY, J.—The action was brought upon a bond made
by the defendant to John R. Strauchen of date of September
29, 1886, containing the condition that if John Wadsworth
& Son should " in all things hold to and strictly perform
and keep all the conditions and obligations " of an agree-
ment of date September 28, 1886, made between them and
Strauchen, the obligation should be void; otherwise to re-

main in force. By the agreement there referred to the Wadsworths undertook for the sum of $6,000 to perform the carpenter work of a brick building which Strauchen had agreed to erect for the plaintiff in the city of Rochester at the price of $16,500. These contracts are particularly mentioned, and mainly the facts involved in the controversies of this action appear in the opinion of the court in Crouch *v.* Gutmann, *ante,* 470, brought to recover a balance there alleged to be due for work done by the Wadsworths in performance of their contract, and founded upon a conditional acceptance by Gutmann of an order drawn upon him, and payable to the Messrs. Crouch. Both cases were tried before the same referee. And he having found that the Wadsworths substantially performed their contract, although there were some defects and omissions unintentionally and inadvertently caused, directed a recovery in favor of the plaintiffs in that action for a balance remaining after making certain deductions for materials and work supplied by Gutmann, and for damages occasioned by such defects and omissions in the work.

The question remaining for consideration is whether or not there was breach of the condition of the bond, in that the Wadsworths were chargeable with damages for delay within the meaning of their contract in its performance. The contract between the plaintiff and Strauchen provided for performance of the work by the 1st of April, 1887, and further that the latter should allow and pay to the plaintiff ten dollars damages for each day's delay after that time, "if the same should arise from any act or default on the part" of such contractor. And further, that if there should occur a strike or other interference with labor, so that the contractor or his sub-contractors should not be able to continue and complete the work within that time without yielding to the demands of the strikers, the contract should be extended for such additional time as might be reasonably required by them to complete the work.

The Wadsworth contract contained like provisions. The plaintiff's right to recover was dependent upon the liability of the Wadsworths to Strauchen upon their contract with him. He completed the mason work, subject to some defects in it, about August 8, 1887, and then adjusted with the plaintiff, through his architect, his claim for that work, and in such settlement he allowed to the plaintiff a certain amount for damages for defective work, and for delay 130 days in the completion of the work, from April to August 8, 1887, the further sum of $1,300. This settlement had no relation to the carpentry embraced in the contract with the Wadsworths, nor were they or the defendant before or at the time it was made advised of the settlement. If, however, those subcontractors were chargeable with the delay, or any portion of it, for which Strauchen so allowed the plaintiff, the defendant was to that extent liable to him and became liable to the plaintiff as his assignee upon the bond. The referee having found that the Wadsworths substantially performed their contract, also found on the subject of delay that Strauchen was delayed by reason of his inability to obtain the iron·work of the building, by reason of which the carpenter work was also delayed; that the carpenter work depended upon the necessary preparatory work of the masons being done, and that delay on the part of the masons necessarily delayed the carpenters; and that it did not appear how much, if any, the Wadsworths delayed Strauchen in his work. After careful examination of the evidence we think this conclusion of the referee was permitted; and, therefore, upon his determination that the plaintiff was not entitled to recover on account of any delay on the part of the Wadsworths prior to such settlement there was no predicable error.

The further question has relation to delay, subsequent to that time, in the completion of the carpenter work. The Wadsworths ceased work upon the building about July 30, 1887. There were then some defects and omissions in the

work.  And on that day, pursuant to the right reserved to the plaintiff in the contract with Strauchen, and by the latter for his protection in the subcontract with the Wadsworths, the plaintiff gave written notice to his contractor that unless he within three days proceeded with the work of finishing the building in accordance with the contract, he, the plaintiff, would furnish material and workmen to do so, and charge the expense to his account, as so provided by the contract.  The contractor did not comply with the notice, and the plaintiff caused work to be done in remedying defective conditions of the work until September 21, 1887, when the plaintiff took possession of the building for the purposes of occupancy.  The expense of this work, as found by the referee, was allowed by him in abatement of the claim of the plaintiffs in the action of Crouch and Another *v.* Gutmann, before mentioned.  Whether the Wadsworths were chargeable under the contract with any delay in the work after the 30th of July, 1887, is not the subject of any specific finding of the referee or of any specific request to find, although there were requests and refusals to find that they were chargeable with delay in the work and with the consequences of it.  But upon the assumption that the Wadsworths were not chargeable with default in that respect prior to the time of the settlement of the plaintiff with Strauchen, the referee found a state of facts which may have relieved them from the charge and consequences of delay under the contract after that time.  For more particular statement of such facts, and the view taken of them, reference may be had to opinion in Crouch *v.* Gutmann.  No other question not there considered seems to here require special attention in the present action.  The judgment should be affirmed.

Judgment affirmed, with costs.

All concur, except FOLLETT, Ch. J., VANN and LANDON, JJ., dissenting.