### PUCCI v. BARNEY.

*(City Court of New York, General Term. October 24, 1892.)*

CONTRACTS—ACTION ON—PERFORMANCE—BURDEN OF PROOF.

In an action to recover for excavating, at so much per yard, the number of which it had been agreed was to be ascertained by the certificate of a certain surveyor, where plaintiff offers such certificate as evidence of the number of yards, and defendant denies its correctness, the burden is on defendant of disproving its correctness.

Appeal from trial term.

Action by Antonio G. Pucci against Charles T. Barney to recover a balance due on a contract for excavating. Judgment for plaintiff. Defendant appeals. Affirmed.

Argued before EHRLICH, C. J., and VAN WYCK and McCARTHY, JJ.

*Arnold & Green*, for appellant. *Ezekiel Fixman*, for respondent.

VAN WYCK, J. These parties entered into a contract whereby plaintiff agreed to excavate and remove earth and rock from 12 city lots belonging to defendant at $1.60 per cubic yard for rock, and 80 cents for earth; and the contract provided that "the measurements shall be made by Robert A. Serrell, city surveyor, and the payments shall be on his written certificate," and that the defendant "will pay for said work at said prices on the certificate of said surveyor." It appears that defendant, without any question,

made seven payments on the several certificates of this surveyor, which were presented to him by plaintiff, but refused to make the eighth and final payment, although plaintiff presented to him the certificate of the surveyor as to the number of yards of earth and rock which had been excavated on the premises, and which certificate is as follows:

"NEW YORK, April 28, 1891.

"The amount of earth and rock now excavated and removed according to sizes in contract from off of lots on north side of 90th street and south side of 91st street, beginning 100 ft. west of West End avenue, 150 ft. front, both streets, is as follows: Earth, 5,605 cubic yards; rock, 9,883 cubic yards; total, 15,488 cubic yards.        ROBERT A. SERRELL, City Surveyor.

"*To A. G. Pucci, Excavator. C. T. Barney, Owner.*"

The cost of excavating this rock and earth at the prices agreed to in the contract would respectively amount to $15,812.80 and $4,484, making $20,-296.80, upon account of which plaintiff admits payments aggregating $19,-051.60, and brings this action for $1,245.20, the balance. The answer admitted these payments on account, but alleged that defendant had thereby overpaid the sum of $767.14, and counterclaimed for the same, on the ground that plaintiff had not excavated so much rock and earth as the surveyor had certified that he had. The serious objections of the appellant on this appeal are based upon the ground that the admission on behalf of plaintiff of the foregoing certificate of the surveyor, made as provided for in the contract, did not throw upon defendant the burden of proving that this certificate was untrue and incorrect, as he alleged in his answer. It was he who had assailed the certificate and challenged its truth and correctness, and not the plaintiff, who, in obtaining the same, had done all that by the contract he was required to do to entitle him to payment, subject, of course, to defendant's right to show that the same was obtained in fraud or by mistake. The defendant had recognized the full force of this provision of the contract, for he had already made seven payments upon the presentation by plaintiff of the surveyor's certificates. The defendant alleged that the certificate was untrue and incorrect, and he certainly should know whether his allegation is true and correct; and, if so, he is called upon to substantiate it by proof, and not the plaintiff, for he certainly had made out a *prima facie* case when the contract and surveyor's certificate had been admitted in evidence. If this is not the effect of the agreement, then it was one-sided, for the defendant's surveyor was permitted by plaintiff to attend and examine and measure the work as it progressed,—as he supposed, in order to have no dispute as to his payments. In the *Wyckoff Case*, 44 N. Y. 145, Judge EARL said: "The last payment was not to be made until the plaintiffs obtained the certificate of the architects to the effect that all the work was completely finished. The plaintiffs were bound, as a condition precedent, to final payment by defendant, to procure the certificate; and whenever they did get it the defendant was bound to pay, unless he could show that the certificate was obtained by fraud or mistake. There was no attempt to show that the certificate was not given in good faith, and it concludes the rights of both parties." On the trial of the *Wyckoff Case*, the defendant offered to show that the plaintiffs did not erect and complete the buildings according to contract, but the court held that the certificate was conclusive, and rejected the evidence, and it was this ruling that the court of appeals sustained. But in the case at bar the trial judge was more indulgent to defendant, and permitted him to give evidence going to show that plaintiff had not performed the work according to the contract, even though he had obtained and presented the certificate. This was allowed to enable the defendant to prove his allegation that the certificate was untrue and incorrect, and to the jury was left the determination of the question whether defendant had proved that the certificate was untrue and incorrect; and, although requested, the court refused to charge that

upon the plaintiff rested the burden of proving that a certificate obtained by him in accordance with the contract was untrue and incorrect, although the same had never been assailed by him. It seems to us that the sustaining of this ruling disposes of the objections raised by appellant, as the verdict of the jury has determined that the certificate was true and correct except as to the item of $75.20, which the court, at folio 99, ruled was included by mistake.

Judgment appealed from affirmed, with costs. All concur.