JOHN GILLIES, Respondent, *v.* THE MANHATTAN BEACH IMPROVEMENT COMPANY (Limited), Appellant.

*Action based on a quantum meruit — when the certificate of an engineer is a prerequisite to recovery — effect of the delivery thereof directly to the defendant.*

An action was brought to recover on the basis of a *quantum meruit* the balance due on a sealed contract made between the parties to the action, whereby the plaintiff was to perform certain labor and furnish certain materials for the defendant at an agreed price, it being provided that the work was to be completed to the satisfaction of the defendant's engineer, and was to be certified by him before any payments were due.

*Held,* that the form of action was not fatal to the plaintiff's claim, and that, after full performance, such an action would be supported and the contract price would be the measure of damages;

That the form of the action did not dispense with the certificate of the engineer which was a prerequisite to a recovery.

In such case it is not an important fact that the engineer's estimate was delivered directly by him to the defendant by reason, as stated by the engineer, of a possible claim for the delay in the completion of the work.

APPEAL by the defendant, the Manhattan Beach Improvement Company (Limited), from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 21st day of March, 1892, upon the report of a referee.

*William J. Kelly*, for the appellant.

*Payne, McGuire & Low*, for the respondent.

BARNARD, P. J.:

The plaintiff, in his complaint, avers that he performed labor and furnished materials for the defendant, and claims a balance of $25,730.76. The answer avers payment in full, and further, that the work was done under a sealed contract to build a wooden bulkhead, with tide gates, on the south side of Sheepshead Bay at Manhattan Beach, Coney Island ; that the work was to be completed by the 8th of April, 1884, to the satisfaction of the defendant's engineer, and was to be certified by him before any payment was due ; that in case of failure, the engineer was empowered by the plaintiff to fix the just and reasonable damages sustained by the defendant, and charge the same against the plaintiff ; that the plaintiff failed to perform in time, and the engineer assessed the defendant's damages at the sum of $10,000, and that the engineer had not certified the work to be done. The reply avers that the delay in the completion of the work was caused by the changes in the work made by the defendant, and that the delay was assented to by defendant. The reply further avers that the clause in the contract permitting the engineer to assess damages was abrogated by mutual consent, and the reply denies all loss and damages to defendant by the delay in the completion of the work.

Upon the trial the amount and value of the work and its completion, to the satisfaction of the engineer, were fully established by the letter from the engineer to the defendant's president, July 10, 1884. The engineer states that the work was completed July 5, 1884, and that there was due the plaintiff a balance of $7,884.70, not including extra work. The engineer made a final statement of the amount due the plaintiff in July, 1884, to be $9,149.97, which included the extra work ordered by the engineer from time to time.

There is abundant proof in the case that the delay was caused by extra work ordered by the defendant. There is proof, also, that the plaintiff was directed by the engineer to stop a part of the work to await the dredging company's work, which was employed by defendant, and that this work was not done until about July 1, 1884. The evidence shows that the plaintiff was entirely able to finish the contract in time but for these interruptions, and the finding that the delay was solely caused by the defendant is well supported. The form of the action is not fatal to the plaintiff's claim. He sued upon a *quantum meruit.* After full performance such an action will be supported and the contract price be the measure of damages. The form of the action did not dispense with the certificate of the engineer, which was a prerequisite to a recovery. (*Byron* v. *Low,* 109 N. Y. 291.)

When proof of final completion of the work is given, a recovery may be had upon a complaint framed upon a *quantum meruit.* (*Williams* v. *Slote,* 70 N. Y. 601 ; *Swan Lamp Manufacturing Co.* v. *Brush-Swan E. L. Co.,* 18 N. Y. Supp. 869.)

The fact that the final estimate was sent to defendant direct, instead of being delivered to plaintiff and by him carried to defendant, is not an important fact in the case. The final estimate was to come from the engineer to the company, and he, in it, states that he has not delivered it to the plaintiff, because of a possible claim for the delay in the completion of the work.

The judgment should, therefore, be affirmed, with costs.

PRATT, J., concurred.

Judgment affirmed, with costs.