(8 Misc. Rep. 626.)

### GAY v. HASKINS.

(Superior Court of Buffalo, Equity Term. May, 1894.)

BUILDING CONTRACTS—EFFECT OF ARCHITECT'S CERTIFICATE.

    A building contract provided that the price should be paid in installments on the architect's certificate, but that only the final certificate should "be conclusive evidence of the performance of this contract." *Held,* that a final certificate by the architect that the work was completed to his satisfaction was conclusive in the absence of fraud, mistake, or collusion between the architect and the contractor.

Action by Louis W. Gay against Earl D. Haskins to foreclose a mechanic's lien. Judgment for plaintiff.

Whitcher, Sawyer, Smith & Fybush, for plaintiff.
William L. Jones, for defendant.

HATCH, J. The parties to this action entered into a written contract whereby plaintiff was to furnish and place in the house of the defendant a hot-water heating apparatus, according to certain plans and specifications. The contract contains 16 articles, by the first of which it is provided that plaintiff shall well and sufficiently perform and finish the work, under the direction and to the satisfaction of the architect, acting as agent of the defendant, agreeably to the drawings and specifications made by the architect. By the second, if any dispute arises respecting the true meaning of the drawings or specifications, the architect's decision thereon is made final and conclusive. By the third, if any alteration in the work was made and the parties could not agree upon valuation, the matter was to be determined by three arbitrators, one chosen by each party, and these parties to choose a third, no person personally connected with the work to be chosen. Other provisions in the articles, relating to delays, failure to furnish materials, and matters relating thereto, the architect was to determine, with the right of appeal in some cases to the arbitrators provided for in article 3. Payment of the contract price was to be made in installments upon the architect's certificate as certain portions of the work were completed. The thirteenth article provided: "It being understood that the final payment shall be made within 30 days after this contract is completely finished: provided, that, in each of the said cases, the architect shall certify in writing that all the work upon the performance of which the payment is to become due has been done to his satisfaction." And, by the fourteenth, "it is further mutually agreed between the parties hereto that no certificate given or payment made under this contract, except the final certificate or final payment shall be conclusive evidence of the performance of this contract, either wholly or in part." It is apparent from this contract that the parties have chosen to make the architect the arbiter, except in certain specified instances, of which no complaint is made, and to make his certificate of performance a condition precedent to the right to demand pay, and conclusive upon the defendant, in the absence of fraud or mistake. Wyckoff v. Meyers, 44 N. Y. 143; Whiteman v. Mayor, etc., 21 Hun, 117; Pucci v. Barney, 1 Misc. Rep. 84, 20 N. Y. Supp. 375. The contract price was $1,045, payable in three installments,—two of $470, and one of $105. The last payment of $470 was only to be made when the entire apparatus was set up and completed, and the $105 30 days later. Plaintiff gave evidence tending to show completion of the contract, and obtained and produced upon the trial the architect's certificate that the work was completed to his satisfaction. This certificate, within the meaning of the contract, was final, as by its terms appears everything necessary to entitle plaintiff to full payment, and, although it was given before the final payment fell due, yet it certified to all the facts upon which the final payment depended. It was, therefore, the certificate contemplated by the contract. Defendant gave evidence tending to show that there was a failure to perform the contract in essential particulars. But

his evidence did not tend to establish that there was any collusion, fraud, or mistake upon the part of the architect in giving the certificate, or between him and plaintiff, nor is such matter alleged in his answer by way of defense. The case is, therefore, one where the parties have stipulated by their contract for an arbitrator, and his action, not being shown to be based upon fraud or mistake, is, within the authorities cited, conclusive. Plaintiff therefore becomes entitled to judgment. Ordered accordingly.