ZIMMERMAN v. GERMAN EVANGELICAL LUTHERAN IMMANUEL'S CHURCH.

(Superior Court of New York City, General Term.   January 7, 1895.)

BUILDING CONTRACT—ARCHITECT'S CERTIFICATE.

Where a contract provides that payments shall be made on certificates signed by the architect, and that his decision as to matters in dispute shall be final and conclusive, the architect's certificate is conclusive as to matters stated therein, unless fraud is shown.

Appeal from judgment on report of referee.

Action by Jacob A. Zimmerman against the German Evangelical Lutheran Immanuel's Church. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

F. W. Holls, for appellant.

J. G. Flammer, for respondent.

McADAM, J. The appeal is from a judgment recovered by the plaintiff, a building contractor, against the defendant, a religious corporation, for the sum of $4,343.31, after a trial had before a referee. The recovery was for work and labor performed and materials furnished in and about the erection of a church edifice at Nos. 213 and 215 East Eighty-Third street, in the city of New York. The referee found that the plaintiff was entitled to the final payment of $2,000, called for by the contract, and $2,041 for extra work, an itemized account of which will be found in his opinion. The case appears to be the ordinary one between contractor and owner, and presents the questions which usually arise in actions of that character. The contract contains two clauses material to this appeal, one of which provides that the payments called for by the contract are to be made in each instance on a certificate obtained from and signed by Henry Ehrhardt, the defendant's architect. The other clause provides that any dispute respecting the true construction or meaning of the drawings or specifications shall be decided by said architect, whose decision shall be final and conclusive.

After the plaintiff had done all the work which he supposed he was required to do to complete the contract, according to the true

construction and meaning of the drawings or specifications, he ap-- plied to and obtained, from the architect a certificate that he was entitled to the final payment according to the terms of the contract. This provision with respect to the supervision of the work by the architect was intended for the protection of the owner at all points by the judgment, skill, and opinion of the architect. Smith v. Alker, 102 N. Y. 90, 5 N. E. 791; Kennedy v. Poor (Pa. Sup.) 25 Atl. 119; Crouch v. Gutmann, 134 N. Y. 45, 31 N. E. 271; Smith v. Brady, 17 N. Y. 173. The architect, being the chosen arbitrator, must determine the character of the work under the contract, and his certificate is conclusive thereon unless fraud on his behalf is shown. Byron v. Low, 109 N. Y. 291, 16 N. E. 45; Stewart v. Ketellas, 9 Bosw. 261, affirmed 36 N. Y. 388; Gay v. Haskins, 8 Misc. Rep. 626, 30 N. Y. Supp. 191; Sharpe v. Railroad Co., 6 Moak, Eng. R. 597; Baron de Worms. v. Mellier, Id. 868; Snaith v. Smith (Com. Pl. N. Y.) 27 N. Y. Supp. 379.

The defendant assigns as error that he was prevented by the referee from impeaching the certificate of the architect, and our attention in this respect has been directed to folios 402, 404, and especially 405, of the case. The evidence there offered did not attempt to show any bad faith or fraud upon the part of the architect, or elicit any fact which would warrant the conclusion that he was guilty of any misconduct. Gay v. Haskins, supra. The questions were addressed to the defendant's witness Heck, and called on him to determine whether the certificate of the architect was, in his opinion, erroneous or not, and whether, in view of his testimony, the issuing of such a certificate was not evidence of bad faith. The evidence was objected to, on the ground that it was not the province of the witness to decide whether the certificate of the architect was erroneous or not. The referee held that, so far as the work included in the contract was concerned, the testimony should be excluded, but that, as regards the extra work, it would be admitted. The exception to this ruling is, for the reasons stated, entirely without merit.

Another provision of the contract provides that:

"Should the owner, at any time during the progress of the building, request any alteration, deviation, additions, or omissions from the said contract. he shall be at liberty to do so, and the same shall in no way affect or make void the contract, but will be added or deducted from the amount of the contract, as the case may be, by a fair and reasonable valuation."

Under this provision, alterations, deviations, and additions were made, and were added to the cost of the work. The architect, in certifying to the plaintiff's right to the final payment, stated that he was entitled to a payment of $4,041 by the terms of the contract, and, as part of the certificate, gave figures showing how this amount was made up. He first put down contract price, $12,965; extra work, $2,041,—aggregating $15,006; then deducted $10,965, paid on account, leaving a balance of $4,041, which balance was in turn made up of $2,041, for extra work, and the $2,000, final payment on the contract. The plaintiff's claim for extra work was in excess of the sum allowed by the architect, who reduced it to the amount stated. The bill showing the deductions made by the architect, and the certificate

of the architect, were presented to the defendant. The president of the defendant's board of trustees thereafter wrote to the defendant that a meeting which he had promised the plaintiff would take place had been held, at which were discussed ways and means of raising necessary funds, the communication concluding with the assurance that the defendant had taken the necessary steps, and hoped to get the funds soon, until which time all must be patient. In view of those facts, we are satisfied that there was a "substantial performance" by the plaintiff of his contract with the defendant, within the meaning of that term as defined by the authorities, and that extra work to the amount certified by the architect was done.

The defendant calls attention to the fact that there is a provision in some part of the specifications which provides that extra work shall be done only upon a written order. We find nothing in the record which requires us to pass upon the effect of this provision, and, if there were, it would, upon the evidence, be considered waived. Stout v. Jones, 9 N. Y. St. Rep. 570; Porter v. Swan (City Ct. N. Y.) 17 N. Y. Supp. 351.

For these reasons and those stated by the referee, we think the judgment should be affirmed, with costs. All concur.