JACOB A. ZIMMERMAN, Respondent, *v.* THE GERMAN EVAN-GELICAL LUTHERAN IMMANUEL's CHURCH, Appellant.

(New York Superior Court — General Term, January, 1895.)

Where a contract provides that payments shall be made in each instance upon a certificate signed by the architect, and that any dispute respecting the true construction of the meaning of the drawings and specifications shall be decided by the architect, whose decision shall be final and conclusive, the certificate of the architect that the final payment is due is conclusive of that fact, unless fraud or misconduct on his part is shown.

An opinion of a witness that the certificate is erroneous, and as to whether the issuing of such a certificate is evidence of bad faith, is insufficient to show bad faith, fraud or misconduct on the part of the architect.

A promise by the owner to pay the bill of the contractor, made after completion of the work, is sufficient to justify a finding that there was a substantial performance, and that the extra work certified by the architect had been done.

APPEAL by defendant from judgment entered on report of referee in favor of plaintiff.

*F. W. Holls*, for appellant.

*J. G. Flammer*, for respondent.

McADAM, J. The appeal is from a judgment recovered by the plaintiff, a building contractor, against the defendant, a religious corporation, for the sum of $4,343.31, after a trial had before a referee. The recovery was for work and labor performed and materials furnished in and about the erection of a church edifice at Nos. 213 and 215 East Eighty-third

7

street in the city of New York. The referee found that the plaintiff was entitled to the final payment of $2,000 called for by the contract, and $2,041 for extra work, an itemized account of which will be found in his opinion.

The case appears to be the ordinary one between contractor and owner, and presents the questions which usually arise in actions of that character. The contract contains two clauses material to this appeal, one of which provides that the payments called for by the contract are to be made in each instance on a certificate obtained from and signed by Henry Ehrhardt, the defendant's architect. The other clause provides that any dispute respecting the true construction or meaning of the drawings or specifications shall be decided by said architect, whose decision shall be final and conclusive.

After the plaintiff had done all the work which he supposed he was required to do to complete the contract according to the true construction and meaning of the drawings or specifications, he applied to and obtained from the architect a certificate that he was entitled to the final payment according to the terms of the contract. This provision with respect to the supervision of the work by the architect was intended for the protection of the owner at all points by the judgment, skill and opinion of the architect. *Smith* v. *Alker*, 102 N. Y. 90; *Kennedy* v. *Poor*, 25 Atl. Rep. 119; *Crouch* v. *Gutmann*, 134 N. Y. 45; *Smith* v. *Brady*, 17 id. 173. The architect, being the chosen arbitrator, must determine the character of the work under the contract, and his certificate is conclusive thereon unless fraud on his behalf is shown. *Byron* v. *Low*, 109 N. Y. 291; *Stewart* v. *Keteltas*, 9 Bosw. 261; 36 N. Y. 388; *Gay* v. *Haskins*, 8 Misc. Rep. 626; 30 N. Y. Supp. 191; *Sharpe* v. *R. R. Co.*, 6 Moak's Eng. Rep. 597; *Worms* v. *Mellier*, Id. 868; *Snaith* v. *Smith*, 7 Misc. Rep. 37; 57 N. Y. St. Repr. 86.

The defendant assigns as error that he was prevented by the referee from impeaching the certificate of the architect, and our attention in this respect has been directed to folios 402, 404, and especially 405 of the case. The evidence there

offered did not attempt to show any bad faith or fraud upon the part of the architect or elicit any fact which would warrant the conclusion that he was guilty of any misconduct. *Gay* v. *Haskins, supra.* The questions were addressed to the defendant's witness, Heck, and called on him to determine whether the certificate of the architect was in his opinion erroneous or not, and whether, in view of his testimony, the issuing of such a certificate was not evidence of bad faith. The evidence was objected to on the ground that it was not the province of the witness to decide whether the certificate of the architect was erroneous or not. The referee held that so far as the work included in the contract was concerned the testimony should be excluded, but that as regards the extra work it would be admitted. The exception to this ruling is for the reasons stated entirely without merit.

Another provision of the contract provides that "should the owner, at any time during the progress of the building, request any alteration, deviation, additions or omissions from the said contract, he shall be at liberty to do so, and the same shall in no way affect or make void the contract, but will be added or deducted from the amount of the contract, as the case may be, by a fair and reasonable valuation." Under this provision alterations, deviations and additions were made and were added to the cost of the work. The architect, in certifying to the plaintiff's right to the final payment, stated that he was entitled to a payment of $4,041 by the terms of the contract, and as part of the certificate gave figures showing how this amount was made up. He first put down contract price, $12,965; extra work, $2,041; aggregating $15,006; then deducted $10,965 paid on account, leaving a balance of $4,041; which balance was in turn made up of $2,041 for extra work and the $2,000 final payment on the contract. The plaintiff's claim for extra work was in excess of the sum allowed by the architect, who reduced it to the amount stated.

The bill showing the deductions made by the architect and the certificate of the architect were presented to the defendant. The president of the defendant's board of trustees there-

after wrote to the defendant that a meeting which he had promised the plaintiff would take place had been held, at which were discussed ways and means of raising necessary funds, the communication concluding with the assurance that the defendant had taken the necessary steps and hoped to get the funds soon, until which time all must be patient.

In view of those facts we are satisfied that there was a substantial performance by the plaintiff of his contract with the defendant, within the meaning of that term as defined by the authorities, and that extra work to the amount certified by the architect was done.

The defendant calls attention to the fact that there is a provision in some part of the specifications which provides that extra work shall be done only upon a written order. We find nothing in the record which requires us to pass upon the effect of this provision, and if there were it would, upon the evidence, be considered waived. *Stout* v. *Jones*, 9 N. Y. St. Repr. 570; *Porter* v. *Swan*, 44 id. 375.

For these reasons and those stated by the referee, we think the judgment should be affirmed, with costs.

FREEDMAN and GILDERSLEEVE, JJ., concur.
Judgment affirmed, with costs.