·(19 Misc. Rep. 558.)

### LANTRY v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County. February, 1897.)

BUILDING CONTRACT—CONSTRUCTION—RIGHTS OF CONTRACTOR.

     A building contract with a city provided that the time during which the completion of the work might be delayed by acts of the city should be determined by the commissioner of public works. It further provided that, in case the building should not be completed in 500 working days, the architect should certify what portion of the delay was chargeable to the contractor, and such certificate, when approved by the commissioner, should be final in respect to the responsibility for the delay. Another clause stipulated that whenever, in the opinion of the architect, the contractor should have performed his contract, the architect should certify the same to the commissioner of public works, whereupon the city should, after 30 days, pay the contractor the entire amount accruing to him under the contract. The contractor was delayed in his works by the acts of other independent contractors. The architect certified that the contractor had fully performed his contract. The commissioner withheld the stipulated penalty for 49 days' delay. Held, that the commissioner was merely to determine the extent of delays caused by the city, while the decision respecting other delays was to be made by the architect, whose certificate was conclusive.

Action by Patrick R. Lantry against the mayor, etc., of the city of New York, on a contract. There was a judgment for plaintiff, and defendant moved for a new trial on the minutes. Denied.

F. W. Scott and Chase Mellen, for the motion.

C. E. O'Connor and A. Kling, opposed.

McADAM, J.  The contract here, like the one in Phelan v. Mayor, etc., 119 N. Y. 86, 23 N. E. 175, provides that the time during which the work of completion may be delayed by acts of the city shall be determined by the commissioner of public works.  Such provision proved fatal to the plaintiff in that case, but is not controlling here, for the contract sued on contains other provisions more germane to this controversy, to wit:

(1) "In case said building shall not be completed within five hundred working days, as aforesaid, the architect in charge of said building shall certify, in writing, what portion of said excess of time, if any, is chargeable, to the party of the second part [the plaintiff]; and such certificate, when approved by the commissioner of public works, shall be final and conclusive in respect to the responsibility for any such delay." (2) "Whenever, in the opinion of the said architect, the party of the second part shall have completely performed the contract on his part, the said architect shall certify the same, in writing, to the commissioner of public works; whereupon the parties of· the first part will, on the expiration of thirty days after such completion and the delivery of said certificate, pay, and they hereby bind themselves and their successors to pay, to the said party of the second part, in cash, the whole amount of money accruing to the said party of the second part under this contract."

The contract discriminates between delays caused by acts of the city and other delays, for the commissioner of public works is to determine the extent of the first, while the decision respecting other delays is to be made by the architect, and is to be conclusive.  To give any other construction to the contract would be to enforce one provision beyond its proper scope, and to withhold from the others any practical meaning or force.  The commissioner undertook to go beyond his authority by holding that the plaintiff was guilty of 49 days' delay, for which he withheld from the contract price of $161,000 the sum of $4,900 (being at the stipulated rate of $100 per day), without any certificate from the architect, and contrary to the terms of the contract.  Indeed, the architect certified that the plaintiff had in all things performed his contract, and had become entitled to the final payment, and this certificate is conclusive on the subject.  Zimmerman v. Lutheran Church, 11 Misc. Rep. 49, 31 N. Y. Supp. 845; Iron Works v. Rouss (Super. N. Y.) 15 N. Y. Supp. 137, affirmed 133 N. Y. 538, 30 N. E. 1148; Snaith v. Smith, 7 Misc. Rep. 37, 27 N. Y. Supp. 379; Byron v. Low, 109 N. Y. 291, 16 N. E. 45; Wyckoff v. Meyers, 44 N. Y. 143; and kindred cases.

The defendant claims that the commissioner was all-powerful under the contract, and that his determination concludes the plaintiff, without regard to what the architect certified.  Such a construction would treat the architect as a nonentity, and render inoperative those carefully drawn provisions which prescribe his authority; and it is wholly unwarranted.  The architect's presence while the work was going on enabled him to determine from daily observation the causes and extent of the different delays upon the large building in course of construction, and to accurately decide upon whom the responsibility rested therefor.  This is what the contract intended he should do, and is the reason why his decision thereon was agreed to be accepted as final, and effect must be given to the intention of the parties.  The delays occasioned to the plaintiff were not attributed to acts of city officials or servants, respecting which the

commissioner was supposed to be informed, but were caused by independent contractors, over whom he had no direction or control, though their work was constantly under the observation of the architect; and this nonperformance on the part of the other contractors excused performance within the stipulated time by the plaintiff, because he could not complete his carpentering and painting until the preliminary work of the masons, iron men, and others who were to precede him had so far advanced as to enable the plaintiff's work to go on. Franchi v. Brunswick-Balke-Collender Co. (Com. Pl.) 13 N. Y. Supp. 294. And see Genovese v. Railroad Co. (Sup.) 43 N. Y. Supp. 8. The primary rule for the interpretation of a contract is to gather the intention of the parties from the words by reading, not simply a single clause, but the entire context, and, where the meaning is doubtful, by considering such surrounding circumstances as they are presumed to have considered. Clark v. Devoe, 124 N. Y. 120, 26 N. E. 275. The true construction is not to be found in any particular provision disconnected from the others, but the. intention must be gathered from all the language they have used. It is the legal effect of the whole which is to be sought for. Heryford v. Davis, 102 U. S. 235, 243, 244; Beardsley v. Beardsley, 138 U. S. 266, 11 Sup. Ct. 318. The architect having certified that the plaintiff was entitled to the final payment, all idea of delay was negatived, and the plaintiff was probably entitled to the direction of a verdict. The court, however, sent the case to the jury on the question whether the plaintiff performed his contract with due expedition, considering the ·delays caused by the independent contractors, whom he could not control, and excluding from consideration delays on the part of city officials and servants. The jury found for the plaintiff, and this seemingly disposes of any defense the defendant could by any possibility have. The verdict was right, and the motion for a new trial must be denied.

Motion denied.