(67 Misc. Rep. 435.)

O'DONOHUE v. DUPARQUET, HOUT & MONEUSE CO. et al.

(Supreme Court, Appellate Term.   May 24, 1910.)

1. NEGLIGENCE (§ 121*)—RES IPSA LOQUITUR.
    Where the thing causing injury is shown to be under the control of the defendant, and the accident is one which does not ordinarily happen if reasonable care is used, the happening of the accident, in the absence of explanation, is sufficient evidence that it was due to defendant's negligence; but the presumption does not continue after explanation of the cause of the accident and the manner in which it occurred.
    [Ed. Note.—For other cases, see Negligence, Cent. Dig. § 218; Dec. Dig. § 121.*]

2. MUNICIPAL CORPORATIONS (§ 706*)—USE OF STREETS—COLLISION BETWEEN VEHICLES—RES IPSA LOQUITUR.
    Where plaintiff's automobile, standing at the side of the street, was struck by defendant's truck, the rule of res ipsa loquitur has no application, after defendant proves that, while its truck was being carefully driven along the proper side of the street, it was struck from the rear by a street car and thrown against the automobile; but the burden is on plaintiff to show negligence, as in other cases.
    [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 706;* Highways, Cent. Dig. § 472.]

3. MUNICIPAL CORPORATIONS (§ 706*)—USE OF STREETS—RES IPSA LOQUITUR.
    Where plaintiff's automobile, standing on the side of the street, was struck by a truck, which, in turn, had been struck from the rear by a street car, the rule of res ipsa loquitur, even if applicable, would not shift the burden of proof, so as to require the truck owner to show that the accident was due to the negligence of the street railroad company, but merely called on the truck owner to overcome any presumption of its own negligence arising from the accident, when unexplained.
    [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 706;* Highways, Cent. Dig. § 472.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Joseph J. O'Donohue, Jr., against the Duparquet, Hout & Moneuse Company and others.   From a judgment for plaintiff, defendants appeal.   Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Hollander, Bernheimer & Bernheimer, for appellants.
Thompson & Fuller, for respondent.

GUY, J.   This is an action brought by plaintiff, the owner of an automobile, which was injured as the result of a collision between a truck belonging to one of the defendants and a railroad car belonging to the other defendants.   The evidence shows that the truck, belonging to the defendant Duparquet Company, was being driven slowly and carefully on the right-hand side of Madison avenue, between Fifty-Fourth and Fifty-Fifth streets, when it was struck by a railroad car of the defendant receivers, the front of the car striking the rear wheel of the truck, whereby the truck was thrown against plaintiff's auto, causing the injuries in question.   The court rendered judgment in favor of the plaintiff against the defendant Duparquet Company, from which judgment this appeal is taken.

In an opinion filed with the judgment the court holds that the doctrine of res ipsa loquitur applies as against the owner of the truck, in view of the fact—

"that the defendant the Duparquet Company has failed to show that the proximate cause of the accident to plaintiff's automobile was due to any negligence on the part of the defendants Joline and Robinson (receivers of the defendant railroad company), and, therefore, the former defendant, and not the latter, must be held responsible for the damages sustained by the plaintiff."

The principle of res ipsa loquitur, as very clearly enunciated in Breen v. New York Central Railroad Co., 109 N. Y. 297, 16 N. E. 60, 4 Am. St. Rep. 450, and again in Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630, has been stated as follows:

"When the thing causing the injury is shown to be under the control of a defendant, and the accident is such as, in the ordinary course of business, does not happen if reasonable care is used, it does, in the absence of explanation by the defendant, afford sufficient evidence that the accident arose from want of care on its part."

Assuming that this doctrine is applicable where a vehicle, lawfully standing at rest on the side of the street, is struck by a vehicle moving upon the street, in the absence of explanation as to the cause of the accident, it would not apply in a case like the case at bar, where there is no absence of explanation, but, on the contrary, positive proof introduced by the plaintiff as to the cause of the accident and the manner in which the accident occurred. The doctrine of res ipsa loquitur not being applicable to this action, the burden rested upon the plaintiff of establishing, as in every other case of this character, by a preponderance of evidence, that the accident was due to the negligence of this defendant. This the plaintiff failed utterly to do.

But, were the doctrine of res ipsa loquitur applicable to this case, the application of such doctrine would not operate to shift the burden of proof, by making it incumbent upon this defendant "to show that the proximate cause of the accident to plaintiff's automobile was due to any negligence on the part of the defendants Joline and Robinson." The sole burden upon the defendant Duparquet Company, even if the doctrine of res ipsa loquitur were applicable, was to overcome any presumption of negligence on its part which, "in the absence of explanation," might be inferred from the happening of the accident. The defendant Duparquet Company was relieved from this burden by the plaintiff's own evidence, which furnished a complete and detailed account of the cause of the accident, and established that it might have occurred through the negligence of the other defendants. Under the decision in Elliott v. Brooklyn Heights Company, 127 App. Div. 300, 111 N. Y. Supp. 358, this was sufficient. In my judgment, however, plaintiff's evidence goes further, and establishes as matter of fact this defendant's entire freedom from negligence.

The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.