## LIABILITY FOR INJURY TO AUTOMOBILE IN COLLISION.

Common Pleas Court of Hamilton County.

S. M. HENDERSON v. EDWARD WERTHHEIMER.

Decided, February 6, 1919.

*Negligence—In the Operation of an Automobile—Resulting in Collision with a Machine Just Ahead—Cause of the Accident as Indicated by Surrounding Circumstances.*

Where an automobile is damaged by being struck by a machine in the rear, and the owner of the second machine defends on the ground that his machine was driven into the first machine by being struck by a third machine in his rear, and there is no further testimony relative to the third machine, a reviewing court will not disturb a judgment rendered in favor of the owner of the first and against the owner of the second machine, where it appears to have been based on the theory that the heavy second machine, at a dead stand with the brake set, could not have been driven forward by a rear end collision with such force as to move the first machine forward a distance of ten to fifteen feet and cause damage to it while the second machine received no damage.

*Robertson, Buchwalter & Oppenheimer* and *Harry Neal Smith,* for plaintiff in error.

*Cohen, Mack & Hurtig,* contra.

GEOGHEGAN, J.

This cause came into this court on error to the municipal court.

The plaintiff below, defendant in error herein, was the owner of an automobile. On July 6, 1918, he was driving his machine along the Covington and Latonia pike, returning from the Latonia race track. The traffic was very congested, there being several hundred machines stretched in a line along the pike in close proximity to each other. The traffic was stopped for some undisclosed reason when the machine of defendant was about a mile and a half from the race track, and when thus stopped, the machine of plaintiff in error, which was immediately behind that of defendant in error, collided with that of defendant in error and pushed his machine into the machine immediately ahead, causing damage to the defendant in error's machine.

At the time the machines were stopped, the defendant in error had set the brakes on his machine and both he and a companion, who was in it, had stretched out their hands as a signal to the machine behind to stop.

The plaintiff in error admitted the collision, but offered evidence to the effect that when the machine ahead of him had stopped he stopped also, but that a machine immediately behind his crashed into the machine and catapulted it against the defendant in error's machine.

This substantially comprises all the evidence offered in the case, except evidence as to the nature of the damage and the cost of repairs to defendant in error's machine.

The case being submitted to the court below, without the intervention of a jury, that court found in favor of the plaintiff below, defendant in error herein, and entered up a judgment for him.

The plaintiff in error now contends that this judgment should be reversed on the ground that it is against the weight of the evidence, the theory being that, while a presumption of negligence, under the circumstances, might have arisen by reason of the manner in which this collision occurred, that presumption was rebutted by the uncontradicted evidence offered by the plaintiff in error, to the effect that some agency over which he had no control caused his machine to be catapulted into the machine of defendant in error. He relies largely on the case of

*O'Donohue* v. *Duparquet et al,* 123 N. Y. Supp., 193, wherein the second paragraph of the syllabus is as follows:

"Where plaintiff's automobile, standing at the side of the street, was struck by defendant's truck, the rule of *res ipsa loquitur* has no application, after defendant proves that, while its truck was being carefully driven along the proper side of the street, it was struck from the rear by a street car and thrown against the automobile; but the burden is on plaintiff to show negligence, as in other cases."

He contends that the evidence below clearly shows how the accident happened, which, if true, would relieve the plaintiff in error of any responsibility for the damages caused to the defendant in error's machine.

But the case of *Donohue* v. *Duparquet et al, supra,* is clearly distinguishable from the case at bar. In that case, the street car company was made a party defendant and the plaintiff's own evidence established the fact that the accident occurred entirely through the negligence of the street car company, and this evidence of plaintiff as to how the accident happened completely rebutted the presumption of negligence on the part of Duparquet Company arising under the doctrine of *res ipsa loquitur.*

In the case at bar, however, the trial judge had on the one hand the presumption of negligence arising from the manner in which the collision occurred, and the evidence offered by the plaintiff in error, by which he sought to be exonerated from blame for the collision. In determining the truth or falsity of the defense set up by plaintiff in error, he must have taken into consideration all the surrounding circumstances. There was no attempt made in this case on the part of the plaintiff in error to bring in the driver of the machine which he claims struck his machine and caused it to be catapulted against that of defendant in error. There was evidence that the defendant in error's machine had stopped from seven to fifteen feet in the rear of the machine immediately in front of it; that his brakes were set; that he had a bumper on the rear of his machine, and

that notwithstanding that fact, the machine of plaintiff in error pushed through the rear bumper, damaged the rear tire and its carrier and caused some damage to the rear system.

The trial judge, in passing upon the question of the preponderance of the evidence, was campelled to consider the probability or improbability of plaintiff in error's story and might have well disbelieved it.  The fact of a heavy machine, at a dead stop, being driven, by reason of a rear end collision, into another machine with such force as to drive that other machine a distance of from seven to fifteen feet and causing the damage to it that it did, without suffering any injury itself, might have appealed to the trial judge as being too improbable to believe. This was evidently the state of his mind when he decided the case in favor of the defendant in error and entered up judgment for him.  And upon an inspection of the record I am inclined to believe that he was correct in his judgment and that it was neither against the weight of the evidence nor contrary to the law of the case.

The judgment will therefore be affirmed.